**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Evans v. Mohr,* Slip Opinion No. 2018-Ohio-5089.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-5089

THE STATE EX REL. EVANS, APPELLANT, *v.* MOHR, DIR., APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Evans v. Mohr,* Slip Opinion No. 2018-Ohio-5089.]**

*Mandamus—Writ will not issue to compel act already performed—Court of appeals' dismissal of complaint affirmed.*

(No. 2018-0452—Submitted June 26, 2018—Decided December 20, 2018.)

APPEAL from the Court of Appeals for Franklin County,

No. 17AP-571, 2018-Ohio-935.

_____

**Per Curiam.**

**{¶ 1}** Appellant, William H. Evans Jr., appeals the judgment of the Tenth District Court of Appeals dismissing his complaint for a writ of mandamus against appellee, Gary Mohr, the director of the Ohio Department of Rehabilitation and Correction ("DRC").  We affirm the judgment of the court of appeals.

## I.     Background

**{¶ 2}** Evans is an inmate at the Northeast Ohio Correctional Center.  On August 9, 2017, Evans filed a complaint requesting a writ of mandamus to order DRC to remove a federal detainer that Evans alleged was erroneously placed on his prison record.  After some investigation into the matter, DRC removed the detainer.

Mohr filed a motion to dismiss the complaint, arguing that DRC had already removed the detainer from Evans's record.  Approximately one week after DRC filed the motion to dismiss, Evans filed a motion for declaratory judgment under the same case number that was assigned to the complaint for a writ of mandamus.  A Tenth District magistrate recommended dismissing the complaint and waiving the costs because DRC's actions had rendered the case moot.  Evans filed objections in which he argued that a declaratory judgment should have been granted preventing placement of future detainers.  Next, Evans filed a motion for summary judgment in which he again requested that the declaratory judgment be granted and that he be awarded "monetary damages as allowable by law."

**{¶ 3}** The court of appeals dismissed Evans's complaint as moot and denied Evans's subsequent motions.

## II.     Legal Analysis

### A.     Mandamus to compel removal of detainer

**{¶ 4}** "A writ of mandamus will not issue to compel an act already performed."  *State ex rel. Jerninghan v. Cuyahoga Cty. Court of Common Pleas*, 74 Ohio St.3d 278, 279, 658 N.E.2d 723 (1996).  Mohr's motion to dismiss established that the relief that Evans sought—removal of "all traces" of the federal detainer placed on his prison record—has been provided.  And Evans does not dispute that DRC improperly or erroneously removed the federal detainer.  Indeed, no case in controversy exists anymore in Evans's case.  And when there is "no case in controversy, there will be no appellate review." *Adkins v. McFaul*, 76 Ohio St.3d 350, 350, 667 N.E.2d 1171 (1996).

2

**{¶ 5}** Typically, "courts cannot rely on evidence or allegations outside the complaint to decide a Civ.R. 12(B)(6) motion to dismiss." *Jefferson v. Bunting*, 140 Ohio St.3d 62, 2014-Ohio-3074, 14 N.E.3d 1036, ¶ 11. When a Civ.R. 12(B)(6) motion depends on extrinsic evidence, the "proper procedure is for the court to convert the motion to dismiss into a motion for summary judgment and provide the opposing party with notice and an opportunity to respond." *Id*. at ¶ 12. However, "[a]n event that causes a case to become moot may be proved by extrinsic evidence outside the record." *State ex rel. Cincinnati Enquirer, Div. of Gannett Satellite Info. Network, Inc. v. Dupuis*, 98 Ohio St.3d 126, 2002-Ohio-7041, 781 N.E.2d 163, ¶ 8; *see also State ex rel. Nelson v. Russo*, 89 Ohio St.3d 227, 228, 729 N.E.2d 1181 (2000) ("the court of appeals could have taken judicial notice of the mootness of Nelson's writ action without converting Judge Russo's dismissal motion to a motion for summary judgment").

**{¶ 6}** Thus, the court of appeals properly dismissed Evans's complaint based on the evidence attached to Mohr's motion to dismiss, which proved that the detainer is no longer on Evans's prison record.

### B.     *Declaratory Judgment*

**{¶ 7}** After DRC removed the detainer from Evans's record, Evans filed a motion for a declaratory judgment in the Tenth District Court of Appeals under the same case number as his complaint for a writ of mandamus. Specifically, Evans asked for an order that would prevent future modifications to his DRC records. Evans's claim that he is entitled to a declaratory judgment is baseless. Despite Evans's argument to the contrary, "courts of appeals lack original jurisdiction over claims for declaratory judgment." *State ex rel. Shimko v. McMonagle*, 92 Ohio St.3d 426, 430, 751 N.E.2d 472 (2001). Accordingly, the court of appeals correctly denied Evans's motion.

### C.      *Request for monetary damages*

**{¶ 8}** Evans also argues that the court of appeals erred in denying his motion for summary judgment, through which he requested an award of monetary damages in light of the improper placement of the detainer on his prison record.  The court of appeals correctly held that Evans could not assert a claim for monetary damages in a summary-judgment motion when he failed to include that claim in his mandamus complaint.  Civ.R. 56(A); *McGinnis, Inc. v. Lawrence Economic Dev. Corp.*, 4th Dist. Lawrence No. 02CA33, 2003-Ohio-6552, ¶ 22-23 (rejecting "appellant's attempt to assert the alleged R.C. 121.22 violation by summary judgment motion when appellant did not raise the alleged violation in its complaint").

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, and DEGENARO, JJ., concur.

O'DONNELL, J., concurs in judgment only.

_____

William H. Evans Jr., pro se.

Michael DeWine, Ohio Attorney General, and George Horvath, Assistant Attorney General, for appellee.

_____