[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ames v. Summit Cty. Court of Common Pleas,* Slip Opinion No. 2020-Ohio-354.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-354

THE STATE EX REL. AMES, APPELLANT, *v.* SUMMIT COUNTY COURT OF COMMON PLEAS ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ames v. Summit Cty. Court of Common Pleas,* Slip Opinion No. 2020-Ohio-354.]**

*Prohibition—Decision on whether trial court had authority to reinstate case that has been dismissed would result in purely advisory opinion—Appeal dismissed as moot.*

(No. 2019-0704—Submitted October 22, 2019—Decided February 6, 2020.)

APPEAL from the Court of Appeals for Summit County, No. 29311.

_____

**Per Curiam.**

{¶ 1} Appellant, Clarisa J. Ames, appeals the Ninth District Court of Appeals' dismissal of her petition for a writ of prohibition against appellees, Summit County Court of Common Pleas and Judge Mary Margaret Rowlands.  For

the reasons explained below, we conclude that this cause is moot and therefore dismiss the appeal.

**Background**

{¶ 2} In October 2017, National Collegiate Student Loan Trust 2007-2 ("National Collegiate") filed a civil action against Ames in the Summit County Court of Common Pleas. In July 2018, Judge Rowlands dismissed the case without prejudice under Civ.R. 4(E) based on National Collegiate's failure to serve Ames with its complaint. In November 2018, Judge Rowlands reinstated the case after considering National Collegiate's Civ.R. 60(B)(1) motion for relief from judgment. The judge also ordered National Collegiate to commence service within 14 days— or face a second dismissal of its complaint.

{¶ 3} Ames thereafter filed a petition for a writ of prohibition in the Ninth District Court of Appeals against Judge Rowlands and the Summit County Court of Common Pleas (collectively, "Judge Rowlands"). Ames alleged that Judge Rowlands had lacked jurisdiction to issue the November 2018 order reinstating the case and extending the time for service beyond the one-year period provided for in Civ.R. 3(A)—a deadline that had already passed when Judge Rowlands reinstated the matter.[1] In April 2019, the Ninth District, on Judge Rowlands's motion, dismissed Ames's petition for failure to state a claim under Civ.R. 12(B)(6).

{¶ 4} Ames has appealed as of right. Judge Rowlands suggests that this appeal is moot because in July 2019, during the pendency of the appeal, she dismissed National Collegiate's case for a second time. The judge provided in her brief to this court a link to that dismissal order, which notes that although Ames had actively participated in the case since its reinstatement, National Collegiate never served her with its complaint—despite the judge's November 2018 order

---

1. Civ.R. 3(A) provides that "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant."

requiring National Collegiate to do so within 14 days. Judge Rowlands argues that this appeal is moot because "there is nothing for this Court to prohibit."

**Analysis**

{¶ 5} Courts generally may not rely on evidence or allegations outside the complaint when reviewing a lower court's dismissal under Civ.R. 12(B)(6), although there are narrow exceptions. *See State ex rel. West v. McDonnell*, 139 Ohio St.3d 115, 2014-Ohio-1562, 9 N.E.3d 1025, ¶ 14. One exception is that " 'an event that causes a case to be moot may be proved by extrinsic evidence outside the record.' " *State ex rel. Nelson v. Russo*, 89 Ohio St.3d 227, 228, 729 N.E.2d 1181 (2000), quoting *Pewitt v. Lorain Corr. Inst.*, 64 Ohio St.3d 470, 472, 597 N.E.2d 92 (1992).

{¶ 6} Accordingly, we have considered trial-court entries—attached either to a motion to dismiss or to a merit brief in a direct appeal of a Civ.R. 12(B)(6) dismissal—in determining whether a case is moot. *See, e.g.*, *Nelson* at 228 (court of appeals "could have taken judicial notice of the mootness" of an action requesting a writ by reviewing entries attached to the respondent's motion to dismiss); *State ex rel. Richard v. Wells*, 64 Ohio St.3d 76, 591 N.E.2d 1240 (1992) (relying on evidence submitted by the parties on appeal to conclude that a case was moot); *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, 874 N.E.2d 516, ¶ 10 (deeming it "appropriate" to take judicial notice of an entry included in a supplement filed by the appellant—although not attached to the complaint—in deciding whether to affirm the dismissal of a prohibition claim).

{¶ 7} Here, both parties acknowledge that Judge Rowlands dismissed National Collegiate's case in July 2019, and Judge Rowlands provided a link to that dismissal order. Under these circumstances, we may consider the July 2019 dismissal order for purposes of determining whether this appeal is moot.

{¶ 8} " 'A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.' " *State ex rel. Gaylor,*

*Inc. v. Goodenow*, 125 Ohio St.3d 407, 2010-Ohio-1844, 928 N.E.2d 728, ¶ 10-11, quoting *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). Because Ames seeks to prevent Judge Rowlands from exercising jurisdiction in a *now dismissed* case, this writ action is no longer "live." And although under certain circumstances a writ of prohibition may be granted to prevent the future unauthorized exercise of jurisdiction *and* to "correct the results of previously jurisdictionally unauthorized actions," *State ex rel. Wilkinson v. Reed*, 99 Ohio St.3d 106, 2003-Ohio-2506, 789 N.E.2d 203, ¶ 14, this appeal may not continue solely to determine whether Judge Rowlands had jurisdiction to issue the November 2018 order reinstating the underlying case. Here, a decision on whether a trial court had authority to reinstate a case that has since been dismissed would result in a purely advisory opinion.

{¶ 9} Ames argues that this appeal is not moot because Judge Rowlands dismissed the underlying case without prejudice, and Ames fears that Judge Rowlands may again reinstate the civil action and thereby force Ames to initiate another prohibition case. Although she has not expressly raised it, Ames appears to be invoking the "capable of repetition, yet evading review" exception to the mootness doctrine. This exception applies

> only in exceptional circumstances in which the following two factors are both present: (1) the challenged action is too short in its duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again.

*State ex rel. Calvary v. Upper Arlington*, 89 Ohio St.3d 229, 231, 729 N.E.2d 1182 (2000).

4

{¶ 10} Ames has not established either prong of the exception. She has not demonstrated a reasonable likelihood that Judge Rowlands will again grant a Civ.R. 60(B)(1) motion, reinstate the same case, and extend the time for service. Nor has Ames shown that if Judge Rowlands reinstated the civil action, the duration of the matter would be too short to obtain review of the jurisdiction issue.

{¶ 11} For these reasons, we dismiss this appeal as moot.

Appeal dismissed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Clarisa J. Ames, pro se.

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Colleen Sims, Assistant Prosecuting Attorney, for appellees.

_____