[Cite as *Kline v. Newton Falls*, 2023-Ohio-3841.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

STATE OF OHIO ex rel.
KENNETH A. KLINE,

Relator,

- vs -

NEWTON FALLS VILLAGE
COUNCIL,

Respondent.

CASE NO. 2023-T-0052

Original Action for
Writ of Prohibition

**P E R   C U R I A M**
**O P I N I O N**

Decided: October 23, 2023
Judgment: Petition dismissed

*Sarah Thomas Koovor,* Kovoor Law, LLC, P.O. Box 310, Warren, OH 44482 (For Relator).

*David J. Betras*, Betras, Kopp & Markota, LLC, 6630 Seville Drive, Canfield, OH 44406 (For Respondent).

PER CURIAM.

{¶1} Respondent, Newton Falls Village Council ("Respondent"), moves to dismiss the petition for a writ of prohibition filed by relator, Kenneth A. Kline ("Kline"). For the following reasons, we dismiss.

{¶2} This original action arises from a resolution passed by the Newton Falls Village Council to bring charges against and seek removal of Kline, who was, at the time, the elected mayor of the Village of Newton Falls.

{¶3} Kline filed his petition for a writ of prohibition alleging that the council did not have the authority to remove the elected mayor. Kline also sought an order to prohibit the council from removing him from office.

{¶4} This court held a status conference on August 2, 2023, and subsequently issued an alternative writ.

{¶5} On August 8, 2023, respondent filed a motion for judgment on the pleadings, despite failing to file an answer to the petition. Kline opposed the motion and filed his motion for summary judgment on August 14, 2023. Respondent did not file an opposition to Kline's motion for summary judgment. Instead, on September 14, 2023, the respondent filed a motion to dismiss on the grounds that Kline had formally resigned as the village mayor rendering the pending case moot. Kline opposed the motion but did not deny that he resigned from his position. Kline asserts that until "[c]ouncil determines in its own proceedings in its removal action is moot, rescinds its resolution, and informs this Court of such recission, the controversy before this Court continues." We disagree.

{¶6} "[A] writ of prohibition is an extraordinary judicial writ issuing out of a court of superior jurisdiction and directed to an inferior tribunal commanding it to cease abusing or usurping judicial functions." *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 73, 701 N.E.2d 1002 (1998). "[T]he purpose of a writ of prohibition is to restrain inferior courts and tribunals from exceeding their jurisdiction." *Id.* This extraordinary remedy is customarily granted with caution and restraint and is issued only in cases of necessity arising from the inadequacy of other remedies. *Id.*

{¶7} To be entitled to a writ of prohibition, a relator must establish that: (1) the respondent is about to exercise judicial or quasi-judicial power, (2) the exercise of that

2

power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Bell v. Pfeiffer*, 131 Ohio St.3d 114, 2012-Ohio-54, 961 N.E.2d 181, ¶ 18.

{¶8} When the issues presented are either "no longer 'live'" or when the parties lack a legally cognizable interest in the outcome, a case is rendered moot. *State ex rel. Ames v. Summit Cty. Court of Common Pleas*, 159 Ohio St.3d 47, 2020-Ohio-354, 146 N.E.3d 573, ¶ 8, citing *State ex rel. Gaylor, Inc. v. Goodenow*, 125 Ohio St.3d 407, 2010-Ohio-1844, 928 N.E.2d 728, ¶ 10-11. In other words, "[m]oot cases are dismissed because they no longer present a justiciable controversy. The requested relief has been obtained, it serves no further purpose, it is no longer within the court's power, or it is not disputed." *Williams-Lindsey v. Ohio Dept. of Health*, 11th Dist. No. 2019-T-0054, 2020-Ohio-1337, 153 N.E.3d 533, ¶ 20-21, citing *Cent. Motors Corp. v. Pepper Pike*, 9 Ohio App.3d 18, 457 N.E.2d 1178 (8th Dist.1983).

{¶9} However, a prohibition action is not necessarily rendered moot when the act sought to be prevented occurs before a court can rule on the prohibition claim. *State ex rel. Consumers' Counsel v. Pub. Util. Comm.*, 102 Ohio St.3d 301, 2004-Ohio-2894, 809 N.E.2d 1146, ¶ 11-12 citing *State ex rel. Rogers v. McGee Brown* (1997), 80 Ohio St.3d 408, 410, 686 N.E.2d 1126. "[U]nder certain circumstances a writ of prohibition may be granted to prevent the future unauthorized exercise of jurisdiction *and* to 'correct the results of previously jurisdictionally unauthorized actions[.]'" *State ex rel. Ames v. Summit Cty. Court of Common Pleas,* 159 Ohio St.3d 47, 2020-Ohio-354, 146 N.E.3d 573, ¶ 8, citing *State ex rel. Wilkinson v. Reed*, 99 Ohio St.3d 106, 2003-Ohio-2506, 789 N.E.2d 203, ¶ 14.

3

{¶10} In *Ames*, the relator sought a writ of prohibition against Judge Rowlands arguing that the judge lacked jurisdiction to reinstate a case and extend the time for service set forth in Civ.R. 3(A). The Ninth Appellate district dismissed the petition pursuant to Civ.R. 12(B)(6). The Supreme Court of Ohio determined the writ was moot and noted "this appeal may not continue solely to determine whether Judge Rowlands had jurisdiction to issue the November 2018 order reinstating the underlying case. Here, a decision on whether a trial court had authority to reinstate a case that has since been dismissed would result in a purely advisory opinion." *Ames*, 159 Ohio St.3d 47, at ¶ 8.

{¶11} Generally, courts will not issue advisory opinions. Ohio courts will render an advisory opinion as to a moot issue only when the issue will always evade judicial review even though it is capable of repetition. *State ex rel. Westfield Ins. Co. v. Mitrovich*, 11th Dist. Lake No. 2003-L-085, 2003-Ohio-5979, ¶ 9, citing *State ex rel. White v. Kilbane Koch*, 96 Ohio St.3d 395, 2002-Ohio-4848.

{¶12} Respondents claim that this case is moot because the mayor has resigned his position. We agree. Because Kline sought to prohibit council from holding a hearing to remove him from office, the same office he recently resigned from on his own accord, Kline's request is moot. In other words, Kline's writ action is no longer live nor justiciable.

{¶13} Moreover, the issue of whether the respondents could legally seek to remove an elected village mayor is not an issue that will always evade judicial review. Therefore, we decline to address the merits of Kline's prohibition claim as such an opinion would be advisory.

4

Case No. 2023-T-0052

{¶14} Accordingly, Respondent's motion to dismiss is granted, and Relator's Petition for Writ of Prohibition is dismissed. Any pending motions are hereby overruled as moot.

MARY JANE TRAPP, J., EUGENE A. LUCCI, J., ROBERT J. PATTON, J., concur.