[Cite as *Costa v. O'Malley*, 2024-Ohio-2815.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

TABITHA COSTA,                                    :

    Petitioner,                              :

                                         No. 113896

    v.                                       :

JUDGE THOMAS F. O'MALLEY,        :
ET AL.,

                                      :

    Respondents.

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** PETITION DISMISSED
**DATED:** July 19, 2024

---

Writ of Habeas Corpus
Motion No. 574284
Order No. 576253

---

### *Appearances:*

Jessica A. L. Camargo, *for relator.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Regina A. Russo, Assistant Prosecuting Attorney, *for respondents.*

SEAN C. GALLAGHER, J.:

{¶ 1} Petitioner, Tabitha Costa, seeks a writ of habeas corpus ordering her immediate release from jail after she was found in contempt of court and sanctioned

to 30 days in jail, which was later reduced to a 12-day jail sentence. Respondents, Michelle Henry, Warden of the Cuyahoga County Jail, Judge Thomas O'Malley, and Magistrate Eleanore Hilow, ask this court to dismiss the action on numerous grounds. Because petitioner's request for relief is moot due to a subsequent judgment issued by Judge O'Malley and a stay of the underlying judgments entered in an appeal, the case is sua sponte dismissed and respondents' motion to dismiss is denied as moot.

**Underlying Facts and Case Procedure**

{¶ 2} On May 3, 2024, petitioner filed a petition for writ of habeas corpus naming Judge O'Malley and Magistrate Hilow as respondents. The petition alleged that respondents presided over a juvenile court case involving one of petitioner's children. In that case, emergency temporary custody of one of petitioner's children was awarded to Cuyahoga County Department of Children and Family Services ("the agency") on February 21, 2024, by order of a magistrate. The child was still not in the agency's custody by March 15, 2024, when Magistrate Hilow issued an order requiring petitioner to appear before the court and show cause why she should not be held in contempt of court for failing to relinquish custody of the child. Petitioner did not appear at that hearing. Magistrate Hilow issued an order finding petitioner in contempt and issued an arrest warrant to bring her before the court. That order was adopted by Judge O'Malley on April 11, 2024. On April 25, 2024, after petitioner was arrested pursuant to warrant and brought before the court, a hearing was held. On April 26, 2024, Magistrate Hilow issued a decision finding petitioner in direct

contempt and imposed a 30-day jail sanction with credit for three days. The petition stated that petitioner was taken into custody as a result of the magistrate's order and remained in jail at the time the petition was filed.

{¶ 3} The same day that the petition was filed, this court issued a journal entry ordering petitioner to file an amended petition that corrected various irregularities by 12:00 p.m. on May 6, 2024. The entry also ordered the return of writ by 12:00 p.m. on May 7, 2024, and set the matter for hearing on May 9, 2024. The entry also ordered petitioner's immediate release and stayed the order that imposed a jail sanction until the habeas matter was resolved.

{¶ 4} Petitioner timely filed an amended petition that fixed procedural irregularities and alleged largely the same facts as in the original petition. The amended petition added Warden Henry as a respondent. Respondents timely filed a return of writ and motion to dismiss, arguing that Judge O'Malley and Magistrate Hilow were improper parties to the action, Judge O'Malley and Magistrate Hilow had jurisdiction in the underlying matter to impose a sanction for contempt, and that petitioner has an adequate remedy at law precluding relief in mandamus. They also argued that the petition was moot because petitioner was no longer in Warden Henry's custody.

{¶ 5} A hearing was conducted on May 9, 2024. There, the parties presented arguments about the petition and respondents' jurisdiction to hold petitioner in custody. Following the hearing, on May 10, 2024, this court issued an order directing Judge O'Malley to review Magistrate Hilow's contempt order

pursuant to petitioner's motion for immediate review filed in the underlying action on May 8, 2024. The order also continued the stay of the magistrate's order of contempt. On May 24, 2024, petitioner filed a notice of decision wherein Judge O'Malley denied petitioner's motion for immediate review, affirmed the magistrate's finding of contempt, but shortened the jail term to 12 days. On May 28, 2024, this court issued an order staying the trial court's decision in relation to petitioner's confinement and directed Judge O'Malley to rule on pending objections to the magistrate's decision by June 28, 2024. Judge O'Malley has since entered an order on the objections to the magistrate's decision.

**Relief in Habeas Corpus**

{¶ 6} The writ of habeas corpus "is for the purpose of determining the legality of the restraint or custody under which a person is held." *In re Lockhart*, 157 Ohio St. 192 (1952), paragraph two of the syllabus. In the present case before us, that means we examine the legality of the order or orders under which petitioner is being held in confinement for contempt within the confines of whether relief in habeas corpus is available. *Id*. at 194. Additionally, the writ of habeas corpus is an extraordinary remedy that is only available when there is no other adequate remedy at law. *State ex rel. Harris v. Anderson*, 76 Ohio St.3d 193, 194 (1996), citing *State ex rel. Pirman v. Money*, 69 Ohio St.3d 591, 593 (1994).

{¶ 7} A court may sua sponte dismiss a petition that seeks a writ where it is frivolous or the petitioner obviously cannot prevail. *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.*, 72 Ohio St.3d 106, 108 (1995). Such a dismissal is

governed by the standard established in Civ.R. 12(B)(6). A court may dismiss a petition when, presuming all factual allegations in the petition as true and construing all reasonable inferences in favor of the petitioner, it appears beyond doubt that the petitioner can prove no set of facts entitling them to relief. *State ex rel. Squire v. Phipps*, 2023-Ohio-3950, ¶ 35 (10th Dist.).

{¶ 8} Generally, a court is limited to the petition and facts alleged therein when determining a motion to dismiss. *State ex rel. Ames v. Summit Cty. Court of Common Pleas*, 2020-Ohio-354, ¶ 5. However, a court is not so limited when deciding whether a claim is moot. *Id.* "'An event that causes a case to become moot may be proved by extrinsic evidence.'" *Lundeen v. Turner*, 2020-Ohio-274, ¶ 7 (8th Dist.), quoting *State ex rel. Hawkins v. Haas*, 2014-Ohio-5196, ¶ 4, fn. 1, citing *State ex rel. Brown v. Ohio Dept. of Rehab. & Corr.*, 2014-Ohio-2348, ¶ 2, fn. 1, citing *Pewitt v. Lorain Corr. Inst.*, 64 Ohio St.3d 470, 472 (1992). Similarly, when deciding an action for extraordinary relief, a court should consider facts and circumstances that exist at the time it makes its determination, not as they existed at the time the petition was filed. *State ex rel. Gilliam v. Cuyahoga Cty. Court of Common Pleas*, 1997 Ohio App. LEXIS 590, *3 (8th Dist. Feb. 20, 1997).

{¶ 9} In general, "'"[a] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."'" *State ex rel. Ames* at ¶ 8, quoting *State ex rel. Gaylor, Inc. v. Goodenow*, 2010-Ohio-1844, ¶ 10-11, quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969). An action for writ of habeas corpus tests the legality of custody or confinement. Therefore, when one is

released from custody or confinement, the action becomes moot. *Larsen v. State*, 92 Ohio St.3d 69, 69 (2001), citing *Pewitt v. Lorain Correctional Inst.*, 64 Ohio St.3d 470, 472 (1992). *See also In re Kukoleck*, 1990 Ohio App. LEXIS 1760, *2 (8th Dist. May 10, 1990), citing *Sakacsi v. McGettrick*, 9 Ohio St.2d 156 (1967).

{¶ 10} In the present case, petitioner has filed an appeal from the orders that subjected her to confinement and has been granted a stay. *In re E.V.*, 8th Dist. Cuyahoga No. 113910, motion No. 574849, of which we take judicial notice.[1] She is no longer subject to the custody of Warden Henry for the purposes of the present action. Therefore, the action is moot as it relates to Warden Henry, the only proper respondent to this action.[2] As such, the present action is moot.

{¶ 11} Petitioner makes an argument that Magistrate Hilow completely lacked jurisdiction to impose a jail term and her order is void because the contempt matter did not pertain to a finding of direct contempt. Whether that is true does not lead this court to a different conclusion about the mootness of the present action. Petitioner has submitted to this court Judge O'Malley's order reviewing the

---

[1] "In extraordinary-writ cases, courts are not limited to the facts at the time a proceeding is commenced, but should consider facts at the time it determines whether to grant the writ." *State ex rel. Everhart v. McIntosh*, 2007-Ohio-4798, ¶ 11. In *Everhart*, the Supreme Court of Ohio concluded that a court could take judicial notice of an entry in another case when deciding a writ action. *Id.* at ¶ 10. *See also Lundeen*, 2020-Ohio-274, at ¶ 7, fn. 1 (8th Dist.), citing *Everhart*.

[2] R.C. 2725.04(B) provides that a petition for habeas corpus shall be brought against the person by whom the prisoner is confined or restrained. This means the jailer or warden who has legal custody of the petitioner. *State ex rel. Rohrig v. Columbus*, 2023-Ohio-1983, ¶ 15 (10th Dist.). Therefore, Judge O'Malley and Magistrate Hilow are not proper parties to this action.

magistrate's decision or order and Judge O'Malley has adopted that decision as modified to reduce the jail term to 12 days. So, even if Magistrate Hilow lacked jurisdiction to impose an immediately effective sanction for an act that constituted indirect contempt as argued, that is no longer the case. Judge O'Malley has entered his own order finding petitioner in contempt and imposing a jail term. Judge O'Malley has jurisdiction to impose sanctions for direct and indirect contempt. R.C. 2705.01 and 2705.02. Petitioner may no longer be held on Magistrate Hilow's order or decision. As a result, the arguments going to its validity are moot.

{¶ 12} Further, as noted above, petitioner appealed these orders and was granted a stay pending appeal on June 3, 2024. Therefore, even if the action was not moot, this demonstrates that petitioner possesses and is pursuing an adequate remedy at law. This also precludes relief in habeas corpus. *Jackson v. Phillips*, 2009-Ohio-125, ¶ 10 (8th Dist.), citing *Patterson v. Ohio Adult Parole Auth.*, 2008-Ohio-6147.

{¶ 13} Accordingly, this court finds that the issues raised in the petition are moot. We sua sponte dismiss the petition. Accordingly, respondents' motion to dismiss is denied as moot. The order staying the underlying proceedings in the present action only is dissolved. Costs assessed against petitioner; costs waived. The clerk is directed to serve on the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

**{¶ 14}** Petition dismissed.

_____
SEAN C. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
EILEEN A. GALLAGHER, J., CONCUR