[Cite as *Beverly v. Cuyahoga Cty. Mun. Court*, 2025-Ohio-2457.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

WILLIAM CREAD BEVERLY,　　　　:

　　　Relator,　　　　　　　　:　　　　　No. 115044

　　　v.　　　　　　　　　　:

CUYAHOGA COUNTY MUNICIPAL　　:
COURT,

　　　　　　　　　　　　　:

　　　Respondent.

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** COMPLAINT DISMISSED
**DATE:** July 8, 2025

---

Writ of Mandamus
Motion No. 584591
Order No. 585826

---

### *Appearances:*

William Cread Beverly, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Nora E. Poore, Assistant Prosecuting Attorney, *for respondent.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Relator William Cread Beverly ("Beverly"), pro se, seeks a writ of mandamus ordering respondent Judge Ashley Kilbane (the "respondent") to transfer jurisdiction of his lower court case to the federal court, issue rulings on

pending motions, dismiss the case with prejudice, issue equitable and statutory relief, and impose sanctions.

{¶ 2} For the reasons that follow, this court grants the respondent's dispositive motion and dismisses the application for a writ of mandamus.

## I. Procedural and Factual History

{¶ 3} On January 27, 2025, the treasurer of Cuyahoga County, Ohio (the "county treasurer"), filed a foreclosure action against Beverly for nonpayment of taxes, assessments, penalties, and interest in the amount of $6,670.87. Cuyahoga C.P. No. CV-25-110978.[1] The case was assigned to the respondent, and the matter was referred to a magistrate.

{¶ 4} On January 31, 2025, Beverly attempted to remove the case to the United States District Court for the Northern District of Ohio, Eastern Division. However, on February 6, 2025, the federal court determined that it lacked jurisdiction over the matter and remanded the case to the common pleas court in accordance with 28 U.S.C. 1447(c).

{¶ 5} On April 22, 2025, Beverly filed the instant petition for a writ of mandamus. In the petition, Beverly argued that the respondent "unlawfully" resumed control of the underlying foreclosure "without jurisdictional basis or

---

[1] *See, e.g.*, *State ex rel. Fischer Asset Mgt., L.L.C. v. Scott*, 2023-Ohio-3891, ¶ 3, fn. 1 (8th Dist.) (observing, in original action, that "[t]his court is permitted to take judicial notice of court filings that are readily accessible from the internet"); *Patterson v. Cuyahoga Cty. Common Pleas Court*, 2019-Ohio-110, ¶ 2, fn. 1 (8th Dist.) (setting forth procedural history relevant to mandamus action based on review of "publicly available dockets"), citing *Cornelison v. Russo*, 2018-Ohio-3574, ¶ 8, fn. 2 (8th Dist.), citing *State ex rel. Everhart v. McIntosh*, 2007-Ohio-4798, ¶ 8.

procedural authority." Without acknowledging the effect of the federal court's remand order, Beverly suggests the foreclosure action involves constitutional questions and issues of federal law that must be submitted to the jurisdiction of the federal court. Beverly further alleges that the respondent has failed to fulfill her duty to resolve outstanding motions, including his "motion to dismiss for lack of movement," filed March 17, 2025, and his "motion for subpoena, constitutional trial by jury per the 7th Amendment, and motion to dismiss for lack of response," filed March 25, 2025.[2]

{¶ 6} Accordingly, Beverly seeks an order from this court directing the respondent to (1) relinquish jurisdiction over the improperly reassumed case, (2) transfer of the matter to the federal court, (3) rule on pending motions, and (4) dismiss the case with prejudice. Beverly also seeks equitable and statutory relief, including damages and sanctions, based on the respondent's alleged "failure to act" and assumption of jurisdiction "beyond its statutory authority."

{¶ 7} Approximately two weeks after the instant writ action was filed, the county treasurer filed a notice of voluntary dismissal of the underlying foreclosure action. The notice acknowledged that Beverly had exercised his right to redemption by paying in full all taxes, assessments, penalties, interest, and costs. Accordingly, Case No. CV-25-110978 was dismissed without prejudice on May 6, 2025.

---

[2] These motions were denied by the magistrate on April 24, 2025.

{¶ 8} On May 19, 2025, the respondent filed a motion to dismiss the mandamus petition pursuant to Civ.R. 12(B)(6). First, the respondent argues that Beverly's petition was rendered moot by the dismissal of the underlying foreclosure case. Alternatively, the respondent claims that even if the foreclosure case was still pending, Beverly has no clear legal right to any of the relief sought in his petition and she has no corresponding legal duty to provide such relief. Finally, the respondent argues that Beverly's petition is defective and should be dismissed, because it is not properly captioned "in the name of the state" and is not verified by affidavit as mandated by R.C. 2731.04.

{¶ 9} Beverly did not oppose the respondent's motion to dismiss.

## II. Law and Analysis

### A. Standard of Review

{¶ 10} Original actions in mandamus ordinarily "proceed as any civil action under the Ohio Rules of Civil Procedure." Loc.App.R. 45(D)(2)(c). This case is before this court on respondent's motion to dismiss. "A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint." *Volbers-Klarich v. Middletown Mgt., Inc.*, 2010-Ohio-2057, ¶ 11. "Dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in relator's favor, it appears beyond doubt that relator can prove no set of facts warranting relief." *Clark v. Connor*, 82 Ohio St.3d 309, 311 (1998).

## B. Writ of Mandamus

{¶ 11} A writ of mandamus is "a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specifically enjoins as a duty." R.C. 2731.01. "For a writ of mandamus to issue, a relator must demonstrate that (1) the relator has a clear legal right to the relief prayed for, (2) respondent is under a corresponding clear legal duty to perform the requested acts, and (3) relator has no plain and adequate legal remedy." *State ex rel. Serv. Emps. Internatl. Union, Dist. 925 v. State Emp. Relations Bd.*, 81 Ohio St.3d 173, 176 (1998). A writ of mandamus is not a substitute for appeal and does not lie to correct errors or procedural irregularities in the course of a case. *Garg v. Scott*, 2024-Ohio-1595, ¶ 7 (8th Dist.). Thus, a writ of mandamus is an extraordinary remedy that should be exercised with caution and issued only when the right to extraordinary relief is clear. *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 166 (1977).

{¶ 12} Preliminarily, we find Beverly's complaint is defective because it is improperly captioned. R.C. 2731.04, governing applications for a writ of mandamus, provides that applications "must be by petition, in the name of the state on the relation of the person applying, and verified by affidavit." In this case, Beverly improperly styled this action as "William Cread Beverly v. Cuyahoga County

Municipal Court."[3] In addition, Beverly's petition failed to incorporate a verified affidavit. *See also* Loc.App.R. 45(D)(1)(b).

{¶ 13} The failure to comply with the statutory requirements of R.C. 2731.04 renders the mandamus claim subject to dismissal. *Nikooyi v. Cuyahoga Cty. Prosecuting Dept.*, 2020-Ohio-3730, ¶ 7 (8th Dist.), citing *Maloney v. Allen Cty. Court of Common Pleas*, 173 Ohio St. 226 (1962). Nevertheless, even if this court were to ignore the procedural defects of the complaint, we agree with the respondent's assessment that Beverly's mandamus claim has been rendered moot by actions taken by the lower court during the pendency of this original action.

{¶ 14} "[I]t is the duty of every judicial tribunal to decide actual controversies" and withhold advice upon moot questions. *Fortner v. Thomas*, 22 Ohio St.2d 13, 14 (1970). In general, a "case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *State ex rel. Gaylor, Inc. v. Goodenow*, 2010-Ohio-1844, ¶ 10, quoting *Los Angeles Cty. v. Davis*, 440 U.S. 625, 631 (1979), quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969). When something happens that makes it impossible for the court to grant the requested relief, the case is moot. *State ex rel. Ohio Democratic Party v. LaRose*, 2020-Ohio-1253, ¶ 5. Thus, "[m]andamus will not issue to compel a vain act." *State ex rel. Burkons v. Beachwood*, 2022-Ohio-748, ¶ 14.

---

[3] We recognize that "'[a] court is not sui juris and, absent express statutory authority, can neither sue nor be sued in its own right.'" *Krouskoupf v. Muskingum Cty. Common Pleas Court*, 2025-Ohio-585, ¶ 11, quoting *State ex rel. Ames v. Portage Cty. Bd. of Commrs.*, 2021-Ohio-2374, ¶ 26. In this case, however, Judge Kilbane was subsequently designated as a respondent and issued service of the mandamus petition.

**{¶ 15}** Although a court is ordinarily limited to the petition and facts alleged therein when determining a motion to dismiss, "[a]n exception to that rule exists, however, when an event causes a case to become moot." *State ex rel. White v. Aveni*, 2024-Ohio-1614, ¶ 14; *Costa v. O'Malley*, 2024-Ohio-2815, ¶ 8 (8th Dist.). Thus, a court may consider matters outside of the complaint to determine that an action is moot. *State ex rel. Cornely v. McCall*, 2020-Ohio-6747, ¶ 21 (8th Dist.).

**{¶ 16}** Relatedly, when deciding an action for extraordinary relief, a court should consider facts and circumstances that exist at the time it makes its determination, not as they existed at the time the petition was filed. *Barnes v. Cleveland Div. of Records Administration*, 2021-Ohio-212, ¶ 25 (8th Dist.), citing *McIntosh*, 2007-Ohio-4798, at ¶ 11. As such, "a court may take judicial notice of facts not subject to reasonable dispute insofar as they affect the current original action." *State ex rel. Meros v. Munson*, 2024 Ohio App. LEXIS 170, *9 (10th Dist. Jan. 18, 2024); *State ex rel. Womack v. Marsh*, 2011-Ohio-229, ¶ 8 (finding that a court considering a motion to dismiss pursuant to Civ.R. 12(B)(6) properly took judicial notice of an entry attached to the motion in determining whether the mandamus claim was moot); Evid.R. 201(B). Judicial notice may be taken "in 'writ action[s] without converting . . . [a] dismissal motion to a motion for summary judgment.'" *State ex rel. Mobley v. O'Donnell*, 2021-Ohio-715, ¶ 9 (10th Dist.), quoting *State ex rel. Nelson v. Russo*, 89 Ohio St.3d 227, 228 (2000).

**{¶ 17}** In this case, there is no dispute that the court of common pleas had subject-matter jurisdiction over the underlying foreclosure action. *Bank of Am.,*

*N.A. v. Kuchta*, 2014-Ohio-4275, ¶ 20; R.C. 2305.01. Likewise, the respondent, as the judicial officer assigned to the case, had "the inherent and statutory authority to preside over the underlying action in foreclosure." *Wiegand v. Deutsche Bank Natl. Trust,* 2012-Ohio-933, ¶ 4 (8th Dist.). Accordingly, we find the respondent had jurisdiction over the underlying foreclosure action and properly entered the dismissal once Beverly exercised his right to redemption and the county treasurer filed its notice of voluntary dismissal pursuant to Civ.R. 41(A).[4]

{¶ 18} Taking judicial notice of the respondent's May 6, 2025 dismissal entry, we conclude that the issues presented in Beverly's petition for writ of mandamus are no longer "live." The foreclosure case is no longer pending, and therefore, the respondent no longer has jurisdiction to perform the acts requested by Beverly. *See E.A.K.M. v. M.A.M.*, 2024-Ohio-967, ¶ 10 (8th Dist.) ("A dismissal without prejudice relieves the court of all jurisdiction over the matter, and the action is treated as though it had never been commenced."). Any order from this court commanding the respondent to act would be futile.

{¶ 19} Based on the foregoing, respondent's motion to dismiss is granted and the request for a writ of mandamus is dismissed.

---

4 Because the respondent had jurisdiction over the underlying case, Beverly has failed to demonstrate a clear legal right to his requested relief for damages and sanctions.

{¶ 20} Complaint dismissed. Costs to Beverly. The court directs the clerk of courts to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).

_____
KATHLEEN ANN KEOUGH, JUDGE

MICHELLE J. SHEEHAN, P.J., and
EILEEN T. GALLAGHER, J., CONCUR