[Cite as *State ex rel. Stacey v. Owens*, 2026-Ohio-905.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE EX REL. ALIX STACEY, | Case No. 2026 CA 0001 |
| Relator | <u>Opinion And Judgment Entry</u> |
| -vs- | Original action in Mandamus and Procedendo |
| JUDGE BETH OWENS, | Judgment:  Dismissed |
| Respondent | Date of Judgment Entry: March 17, 2026 |

**BEFORE:** Andrew J. King; Robert G. Montgomery; Kevin W. Popham, Judges

**APPEARANCES:** ALIX STACEY, Pro Se-Relator; JODIE M. SCHUMACHER, Richland County Prosecuting Attorney by ERIN J. THOMPSON, for Respondent.

*Montgomery, J.*

{¶1}   On January 5, 2026, Relator Alix Stacey filed a Petition for Writ of Mandamus and Procedendo. Stacey requests that we grant her mandamus/procedendo relief and order Respondent Judge Beth Owens to rule, within 24 to 48 hours, on her "pending emergency motions" and an "Ex Parte Emergency Motion to Suspend Visitation" allegedly filed on December 29, 2025.

{¶2}   In a Motion to Dismiss filed on January 30, 2026, Judge Owens argues Stacey's petition is moot because she addressed the pending motions. Stacey filed a

Memorandum in Opposition to Motion to Dismiss on February 6, 2026. Stacey maintains the case is not moot because it is capable of repetition, yet evading review because the safety of the minor children is a recurring issue.

{¶3} For the following reasons, we find Stacey is not entitled to the requested relief. The writ is partially moot because Judge Owens addressed the motions filed on December 26, 2025, and January 5, 2026. Further, the custody motion filed on December 29, 2025, is not filed as an emergency ex parte motion and the trial court is well within the time limit permitted under Sup.R. 40(A)(3) to address the pending motion. For these reasons, we grant Judge Owens's Motion to Dismiss under Civ.R. 12(B)(6).

## I.  Background

{¶4} This original action arises out of a paternity action involving Stacey and Spencer McFarland. The alleged emergency involves a self-inflicted bite mark on a minor child that occurred on December 7, 2025, after a visit with the minor child's grandfather, Scott McFarland. Stacey alleges the incident was investigated by the Pickaway Sheriff's Department and included a SANE exam sent to BCI in London, Ohio.

{¶5} Stacey further alleges in her petition that on January 2, 2026, at approximately 6:05 p.m., Scott McFarland engaged in aggressive, intimidating behavior by repeatedly banging on her door. Stacey admits in paragraph five of her Affidavit for Petition for Writ of Mandamus and Procedendo that she was not home at the time of this alleged incident and her neighbor informed her about McFarland's behavior. Stacey further alleges this is the second time such an incident has occurred.

{¶6} Due to the self-inflicted bite mark, on December 26, 2025, Stacey filed an Ex-Parte Motion to Suspend Visitation and Request for Counsel. Stacey does not

reference this specific motion in her petition but asks the Court to order Judge Owens to rule on the "pending emergency motions." Since this was filed as an "emergency motion" we include it in our analysis. Our review of the record indicates Judge Owens denied this motion on January 6, 2026.

{¶7} On December 29, 2025, the record indicates Stacey filed a Motion for Change of Parental Rights and Responsibilities (Custody), which is Uniform Domestic Relations Form 27 and Uniform Juvenile Form 6. In her mandamus/procedendo petition, Stacey incorrectly asserts she filed an Ex Parte Motion to Suspend Visitation on this date. In her Motion for Change of Parental Rights and Responsibilities, Stacey "asks for visitation to be suspended under a (sic) ex parte emergency motion to suspend visitation and possible (sic) stopped till (sic) further notice by Captain Johnathan Strawser of the Pickaway County Sheriffs (sic) office." Our review of the record indicates Judge Owens has not ruled on this motion.

{¶8} On January 5, 2026, the same day Stacey filed this original action, she filed a Motion for Ex Parte Emergency Hearing for Ex Parte Emergency Motion to Suspend Visitation. The record indicates Judge Owens issued an order denying the ex parte motion on January 6, 2026.

## II. Analysis

### A. *Mandamus and procedendo elements*

{¶9} "Mandamus is an extraordinary remedy, to be issued with great caution and discretion and only when the way is clear." *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 166 (1977). "To be entitled to a writ of mandamus, a relator must carry the burden of establishing that he or she has a clear legal right to the relief sought, that the

respondent has a clear legal duty to perform the requested act, and that the relator has no plain and adequate remedy in the ordinary course of law." *State ex rel. Van Gundy v. Indus. Comm.*, 2006-Ohio-5854, ¶ 13. Relator has the burden of establishing all three elements by clear and convincing evidence. *State ex rel. Mars Urban Solutions, LLC v. Cuyahoga Cty. Fiscal Officer*, 2018-Ohio-4668, ¶ 6.

{¶10} Regarding procedendo relief, "[a] writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment." *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462 (1995), citing *State ex rel. Doe v. Tracy*, 51 Ohio App.3d 198, 200 (12th Dist.1988). Relator must establish a clear legal right to the relief requested and there must be no adequate remedy at law. *Id.*, citing *State ex rel. Brown v. Shoemaker*, 38 Ohio St.3d 344, 345 (1988).

{¶11} The Supreme Court has noted that mandamus may be used to compel a court to issue a decision. However, procedendo is more appropriate because a writ of procedendo is designed to remedy an inferior court's refusal or failure to timely dispose of a pending action. (Citations omitted.) *State ex rel. S.Y.C. v. Floyd*, 2024-Ohio-1387, ¶ 13.

## B.    *Civ.R. 12(B)(6) and the mootness doctrine*

{¶12} Judge Owens maintains in her Motion to Dismiss that Stacey's petition is moot and therefore fails to state a claim upon which relief can be granted under Civ.R. 12(B)(6).

{¶13} Civ.R. 12(B)(6) provides, "[w]hen considering a motion to dismiss for failure to state a claim upon which relief can be granted, the court must presume all factual

allegations contained in the complaint to be true and must make all reasonable inferences in favor of the nonmoving party." *Perez v. Cleveland*, 66 Ohio St.3d 397, 399 (1993). "[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145 (1991).

{¶14} In *State ex rel. Hummel v. Sadler*, 2002-Ohio-3605, ¶ 20, citing *Taylor v. London*, 88 Ohio St.3d 137, 139, the Ohio Supreme Court explained:

> Civ.R. 12(B)(6) dismissals may be based on 'merits' issues such as the availability of an adequate remedy in the ordinary course of law. The applicable Civ.R. 12(B)(6) standard is whether; after presuming the truth of all material factual allegations in the complaint and all reasonable inferences therefrom in relators' favor, it appears beyond doubt that relators can prove no set of facts warranting relief.

{¶15} "When a Civ.R. 12(B)(6) motion depends on extrinsic evidence, the 'proper procedure is for the court to convert the motion to dismiss into a motion for summary judgment and provide the opposing party with notice and an opportunity to respond.' [*Jefferson v. Bunting*, 2014-Ohio-3074,] at ¶ 12. However, '[a]n event that causes a case to become moot may be proved by extrinsic evidence outside the record.'" (Citations omitted.) *State ex rel. Evans v. Mohr*, 2018-Ohio-5089, ¶ 5.

{¶16} Regarding mootness, "[a] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *State ex rel. Ames v. Summit Cty. Court of Common Pleas*, 2020-Ohio-354, ¶ 8, quoting *State ex rel. Gaylor, Inc. v. Goodenow*, 2010-Ohio-1844, ¶ 10-11, quoting *Powell v. McCormack*, 395

U.S. 486, 496 (1969). "Mootness is a jurisdictional question because the Court 'is not empowered to decide moot questions or abstract propositions.'" *State v. McCauley*, 2023-Ohio-2133, ¶ 13 (5th Dist.); *State v. Battigaglia*, 2021-Ohio-2758, ¶ 11 (5th Dist.), citing *State v. Feister*, 2018-Ohio-2336, ¶ 28 (5th Dist.), ¶ 28, quoting *California v. San Pablo & Tulare R. Co.*, 149 U.S. 308, 314 (1893). Ohio courts exercise judicial constraint in cases that are not actual controversies. *McCauley*, at ¶ 13, citing *Fortner v. Thomas*, 22 Ohio St.2d 13, 14 (1970).

{¶17} The mootness doctrine has two exceptions. *State v. Bradley*, 2025-Ohio-304, ¶ 12 (5th Dist.). "[T]he two exceptions . . . are when 'the issues are capable of repetition, yet evading review' or the case 'involves a matter of public or great general interest.'" *Id.*, citing *In re Appeal of Suspension of Huffer from Circleville High School*, 47 Ohio St.3d 12 (HN 3 noting exceptions).

C. *Stacey is not entitled to mandamus or procedendo relief because the petition is moot as to the motions filed on December 26, 2025, and January 5, 2026.*

{¶18} In her Motion to Dismiss, Judge Owens maintains Stacey's petition is moot because she denied, by way of judgment entry and order, the Motion for Change of Parental Rights and Responsibilities (Custody) filed on December 29, 2025, and Motion for Ex Parte Emergency Hearing for Ex Parte Emergency Motion to Suspend Visitation filed on January 5, 2026. As to the December 26, 2025, Ex Parte Motion to Suspend Visitation and Request for Counsel, Judge Owens contends court staff informed Stacey that the ex parte motion would not be granted due to filing deficiencies and that a defects sheet identifying the deficiencies was available for pick up.

{¶19} We must not consider the information concerning the staff's discussion with Stacey about filing deficiencies and the deficiency sheet prepared for Stacey

because this is extrinsic evidence that does not address mootness. Thus, we may not consider it under a Civ.R. 12(B)(6) analysis. However, we are permitted to consider the domestic relations court's record because it is extrinsic evidence that renders Stacey's petition moot. *State ex rel. Evans*, 2018-Ohio-5089, at ¶ 5.

**{¶20}** Based on our review of the record, it appears Judge Owens denied the motions filed on December 26, 2025, and January 5, 2026. One document titled, "Proposed Temporary Judgment Entry Ex Parte Emergency Motion to Suspend Visitation and Motion for Appointment of Guardian Ad Litem" is crossed out with the hand-written word "ENTRY" written at the top. At the bottom of the page is written, "Motion denied." The second page of this document contains Judge Owens's signature.

**{¶21}** We believe this entry pertains to the December 26, 2025 motion because in her December 26, 2025 filings Stacey sought to suspend visitation, and she also filed a separate "Motion for Appointment of Guardian Ad Litem" that was not time stamped but made a part of the court's record. The motion contains hand-written notations on it pointing out deficiencies with the caption. The Judgment Entry addresses the request for suspension of visitation and the request for the appointment of a guardian ad litem which is the exact relief requested by Stacey in her December 26, 2025 filings.

**{¶22}** The Order filed on January 6, 2026, clearly denies Stacey's Motion for Ex Parte Emergency Hearing for Ex Parte Emergency Motion to Suspend Visitation.

**{¶23}** Stacey contends in her Memorandum in Opposition to Motion to Dismiss the Court should address her petition because the concerns she raises involve the safety of her minor children and therefore are recurring issues that are capable of repetition but evading review. "An issue is capable of repetition yet evading review if the challenged

action is too short in duration to be fully litigated prior to its cessation and there is a reasonable expectation that the parties will be subject to the same action again." *State ex rel. Cassanova v. Lutz*, 2023-Ohio-1225, ¶ 3, citing *M.R. Niesen*, 2022-Ohio-1130, ¶ 11. "It's not enough for an issue to be capable of repetition between some parties; the issue must be capable of repetition between the 'same parties.'" *Id*., citing *Niesen*, at ¶ 12, quoting *United State v. Sanchez-Gomez*, 584 U.S. 381, 391-392 (2018).

{¶24} We find Stacey's concerns regarding the safety of the minor child while visiting their grandfather, Scott McFarland, are not capable of repetition. On February 20, 2026, Stacey filed a Notice of Supplemental Authority and Request for Judicial Notice of Protection Order. In it, she explains the Richland County Common Pleas Court issued a Temporary Civil Protection Order, in case number 26-CPO-99, against Scott McFarland. A copy of the order is attached to Stacey's notice as "Exhibit A."

{¶25} The terms of the protection order are effective until February 11, 2027. The order protects the minor children at issue in the mandamus/procedendo petition because it suspends Mr. McFarland's companionship time with the children until further order of the court. As such, we find no exception to the mootness doctrine applies because the circumstances giving rise to the filing of the emergency motions are not capable of repetition due to the civil protection order.

{¶26} Because the court addressed the December 26, 2025, emergency motion and the January 5, 2026, motion, Stacey's petition is moot as to these two motions. "Procedendo and mandamus claims become moot when a respondent performs the duty requested to be performed." (Citations omitted.) *Floyd,* 2024-Ohio-1387. Further, we find no exceptions apply to the mootness doctrine.

*D. Stacey is not entitled to a writ of mandamus or procedendo regarding the Motion for Change of Parental Rights and Responsibilities (Custody) filed on December 29, 2025, because the motion has been pending for less than 120 days.*

**{¶27}** As noted above, the only emergency motion not addressed by the domestic relations court is the Motion for Change of Parental Rights and Responsibilities (Custody) filed on December 29, 2025. This motion has been pending before the domestic relations court for less than 120 days. Under Sup.R. 40(A)(3), "All motions shall be ruled upon within one hundred twenty days from the date the motion was filed, except as otherwise noted on the report forms." In *State ex rel. Culgan v. Collier*, 2013-Ohio-1762, the Ohio Supreme Court explained:

> Sup.R. 40(A)(3) imposes on trial courts a duty to rule on motions within 120 days. Although the Rules of Superintendence do not provide litigants with a right to enforce Sup.R. 40, the rule does guide this court in determining whether a trial court has unduly delayed ruling on a motion for purposes of ruling on a request for an extraordinary writ. A court that takes more than 120 days to rule on a motion risks unduly delaying the case and, as here, risks our issuing writs of mandamus and/or procedendo to compel a ruling.

*Id*., at ¶ 11.

**{¶28}** The pending custody motion was filed on December 29, 2025. Although the motion has not been addressed by Judge Owens, the court is well within the 120-day time frame to do so. "[P]rocedendo and mandamus will lie when a trial court has refused to render, or unduly delayed rendering, a judgment." *Id*., at ¶ 8. That is not the case here. Judge Owens has sufficient time to issue a timely decision on the custody motion.

Therefore, Stacey's petition for writ of mandamus and/or procedendo is denied as to her Motion for Change of Parental Rights and Responsibilities (Custody).

### III.    Conclusion

{¶29} For the foregoing reasons, we grant Judge Owens's Motion to Dismiss under Civ.R. 12(B)(6). Stacey cannot state a claim for relief in mandamus or procedendo. The Clerk of Courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

{¶30} RESPONDENT'S MOTION TO DISMISS IS GRANTED.

{¶31} RELATOR'S PETITION FOR WRIT OF MANDAMUS AND PROCEDENDO IS DISMISSED.

{¶32} COSTS TO RELATOR.

{¶33} IT IS SO ORDERED.

By: Montgomery, J.

King, P.J. and

Popham, J. concur.