[Cite as *State v. Williams*, 2012-Ohio-4140.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No.     26353 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| CAMERON D. WILLIAMS | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No.     CR 2007-08-2450 |

DECISION AND JOURNAL ENTRY

Dated: September 12, 2012

MOORE, Judge.

{¶1}   Defendant-Appellant, Cameron D. Williams, appeals from the February 21, 2012 order of the Summit County Court of Common Pleas denying his motions for resentencing. We affirm.

I.

{¶2}   This matter stems from the murder of Darian Polk. The facts regarding Mr. Polk's murder, as well as the procedural history of the case, are set forth in *State v. Williams*, 9th Dist. No. 24169, 2009-Ohio-3162.

{¶3}   After a jury trial, Mr. Williams was convicted of murder; two counts of aggravated murder, with capital offenses and firearm specifications on each count; kidnapping, with a  firearm specification; aggravated burglary, with a firearm specification; violating a protection order while committing a felony, with a firearm specification; intimidation of a crime victim while using force or unlawful threat of harm, with a firearm specification; escape while

under detention for felonies of the third, fourth or fifth degree; having weapons while under disability; and carrying a concealed weapon. *See State v. Williams*, 9th Dist. No. 25879, 2011-Ohio-6141, ¶ 3. Based upon the jury's finding that "the aggravating circumstances did not outweigh the mitigating factors," the trial court sentenced Mr. Williams to life imprisonment with an aggregate eligibility for parole after 69 years. *Id*. at ¶ 4.

{¶4} Mr. Williams appealed, and we affirmed all of his convictions except for violating a protection order while committing a felony because it was not supported by sufficient evidence. *Id.* at ¶ 5. In addition to his direct appeal, Mr. Williams also filed a petition in the trial court for post-conviction relief ("PCR"), which was denied. *Id*. at ¶ 11.

{¶5} Mr. Williams then filed the following motions: (1) motion for a new trial alleging juror misconduct, (2) motion to dismiss indictment alleging that the charge of aggravated burglary failed to contain the requisite mens rea, and (3) motion for resentencing alleging that he was wrongly convicted of allied offenses. The trial court denied all motions and Mr. Williams timely appealed from the order denying his motion for resentencing based upon allied offenses.

{¶6} In affirming the trial court's order, we determined that Mr. Williams' motion must be construed as a successive petition for PCR, governed by R.C. 2953.23, because he could have raised the issue of allied offenses in his first direct appeal and he previously filed a petition for PCR. *Id*. at ¶ 13-15. We stated:

> Here, [Mr.] Williams' petition for [PCR] is untimely and successive. In his petition, [Mr.] Williams did not advise the trial court how he was unavoidably prevented from discovering the facts upon which his petition was based; nor did he claim a new retroactive right that has been recognized by the United States Supreme Court. *See* R.C. 2953.23(A). Thus, the trial court did not have statutory authority to consider the petition.

*Id*. at ¶ 16.

**{¶7}** Subsequent to his second appeal, Mr. Williams filed two more motions with the trial court. The first motion was filed on December 13, 2011, asking for resentencing and a final appealable order, and the second motion was filed on January 18, 2012, asking for resentencing. In denying both motions, the trial court held:

> [Mr. Williams] now asserts twofold. First, that the March 21, 2008 sentencing entry is void and not a final appealable order because the Court did not state in a separate sentencing opinion the specific findings/factors required in R.C. 2929.03(F) for imposing its sentence - the mitigating factors the Court found to exist, the aggravating circumstances that offender was found guilty of committing, and the reasons why the aggravating circumstances did not sufficiently outweigh the mitigating factors. Second, [Mr. Williams] asserts that the sentencing entry did not sentence him on the "capital specifications".

> The State counters that [Mr. Williams'] Motions are procedurally untimely and successive petitions for [PCR], and substantively, that he is not entitled to a sentencing opinion under R.C. 2929.03(F) because this section only applies when a sentence of death is imposed.

> Upon review, the Court agrees with the State. First, [Mr. Williams'] recent Motions are untimely and successive petitions for [PCR]. As such, [Mr. Williams'] Motions are now barred by res judicata. Furthermore, R.C. 2929.03(F) does not apply because the jury did not recommend the death sentence on the aggravated murder counts and the Court imposed a sentence of life with parole ability after thirty years. Lastly, upon review, the sentencing entry itself does correctly address the disposition of the capital specifications.

(Internal citations omitted.)

**{¶8}** Mr. Williams timely appealed and raised one assignment of error for our consideration.

## II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING [MR. WILLIAMS'] MOTION FOR RESENTENCING AND FINAL APPEALABLE ORDER.

**{¶9}** In his sole assignment of error, Mr. Williams argues that the trial court erred in denying his motion(s) for resentencing because (1) the entry dated March 25, 2008, neglects to

sentence for the "capital specification," and (2) the entries dated March 21, 2008, and March 25, 2008, violate the "one document rule."

{¶10} As previously stated in *Williams*, 2011-Ohio-6141, ¶ 15, because Mr. Williams did not raise either of these issues in his direct appeal, and because he has previously filed a petition for PCR, we must examine this matter as an untimely, successive petition for PCR pursuant to R.C. 2953.23.(A)(1)(a) and (b).

{¶11} R.C. 2953.23(A) states that:

Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petition for similar relief on behalf of a petitioner unless division (A)(1) * * * of this section applies:

(1) Both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted* * *.

{¶12} Here, Mr. Williams has not shown that he was unavoidably prevented from discovery of the facts upon which his claims for relief rely. In fact, the record indicates that Mr. Williams had knowledge of, and access to, both the March 21, 2008, and the March 25, 2008 sentencing entries at the time of his first direct appeal in 2009. Additionally, Mr. Williams has not claimed that the United States Supreme Court has recognized a new federal or state right that is retroactively applicable to his case, nor has he asserted a claim based upon such a right. Finally, even if Mr. Williams did show unavoidable delay or a new retroactive right recognized

by the United States Supreme Court, he has not shown by clear and convincing evidence that, but for constitutional error at trial, the jury would not have convicted him of the above-stated offenses.

III.

**{¶13}** Therefore, based upon R.C. 2953.23(A), the trial court did not have the statutory authority to consider Mr. Williams' motions for resentencing, and did not err in denying those motions as untimely, successive petitions for PCR.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

WHITMORE, P. J.
CARR, J.
CONCUR.


APPEARANCES:

CAMERON D. WILLIAMS, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.