[THE STATE EX REL.] BROWN, APPELLANT, *v.* LUEBBERS, JUDGE, APPELLEE.

[Cite as *State ex rel. Brown v. Luebbers,* **137 Ohio St.3d 542, 2013-Ohio-5062.**]

*Procedendo will lie when a court has unduly delayed rendering a judgment on a motion—Judgment denying writ reversed—Writ of procedendo granted.*

(No. 2013-0644—Submitted September 10, 2013—Decided November 20, 2013.)

APPEAL from the Court of Appeals for Hamilton County, No. C-130119.

_____

**Per Curiam.**

**{¶ 1}** This is an appeal from a court of appeals' judgment dismissing a petition for a writ of procedendo to compel a trial judge to rule on various motions, including a motion to vacate an entry that had corrected an error in a sentencing entry. Appellee, Judge Jody Luebbers, has not ruled on the motions and apparently does not intend to rule on them. Appellant, Barron Brown, filed a complaint for a writ of procedendo in the First District Court of Appeals to force the judge to rule on his motions.

**{¶ 2}** The court of appeals dismissed the complaint, and Brown appealed to this court. Because Judge Luebbers has jurisdiction but has not ruled on the motions, we reverse.

**Facts**

**{¶ 3}** In 2004, Brown was found guilty of one count of possession of heroin and one count of trafficking in heroin, both with specifications, and one count of conspiracy. After finding Brown to be a major drug offender, the trial court sentenced him to 27 years. According to the First District Court of Appeals, the conviction for conspiracy was reversed, but the judgment was otherwise affirmed. *State v. Brown*, 1st Dist. Hamilton No. C-081026, 2009-Ohio-5347,

¶ 2. We declined further review. *State v. Brown*, 106 Ohio St.3d 1488, 2005-Ohio-3978, 832 N.E.2d 739.

**{¶ 4}** In a postconviction petition filed in 2008, Brown sought resentencing because he had not been advised that he would be subject to postrelease control. The trial court denied his petition, but the court of appeals vacated his sentence and remanded, ordering the trial court to hold a new sentencing hearing and notify Brown of his postrelease-control obligations. *State v. Brown*, 1st Dist. Hamilton No. C-081026, 2009-Ohio-5347.

**{¶ 5}** On remand, the trial court resentenced Brown, this time to 20 years, but did not notify him of a mandatory term of postrelease control. On appeal, the court of appeals once again remanded, ordering the trial court to give the proper notification about postrelease control. *State v. Brown*, 1st Dist. Hamilton No. C-10050, 2010-Ohio-4599.

**{¶ 6}** The trial court once again resentenced Brown, notifying him that the term of postrelease control was mandatory. But the trial court also indicated that the conspiracy count merged with another count for sentencing purposes. This was in error, because the court of appeals had already reversed the conspiracy conviction. The court of appeals remanded once again to correct the error. The trial court corrected it in a nunc pro tunc entry on February 13, 2012.

**{¶ 7}** Brown then filed a motion to vacate the nunc pro tunc order because he believes it to be void. Judge Luebbers has not ruled on this motion. Brown therefore filed this action in procedendo in the court of appeals.

**{¶ 8}** With little explanation, the court of appeals denied the writ. Brown's appeal is now before the court for our consideration of the merits.

### Legal Analysis

**{¶ 9}** The court of appeals dismissed Brown's complaint for a writ of procedendo on the basis that he "has not demonstrated a clear legal right to procedendo," with no further analysis.

**{¶ 10}** To be entitled to a writ of procedendo, Brown must show a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462, 650 N.E.2d 899 (1995). A writ of procedendo is proper when a court has refused to enter judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Crandall, Pheils & Wisniewski v. DeCessna*, 73 Ohio St.3d 180, 184, 652 N.E.2d 742 (1995).

**{¶ 11}** Here, Brown has moved to vacate the nunc pro tunc entry of February 13, 2012. Judge Luebbers argues that she was divested of jurisdiction to entertain Brown's subsequent filings once she had corrected the erroneous sentencing entry on remand from the court of appeals.

**{¶ 12}** However, even if that is true, Judge Luebbers may rule on the motions, giving lack of jurisdiction as a reason. Absent a patent and unambiguous lack of jurisdiction, a court with general subject-matter jurisdiction may determine its own jurisdiction. *State ex rel. Jean-Baptiste v. Kirsch*, 134 Ohio St.3d 421, 2012-Ohio-5697, 983 N.E.2d 302, ¶ 16; *State ex rel. Plant v. Cosgrove*, 119 Ohio St.3d 264, 2008-Ohio-3838, 893 N.E.2d 485, ¶ 5; *State ex rel. Pruitt v. Donnelly*, 129 Ohio St.3d 498, 2011-Ohio-4203, 954 N.E.2d 117, ¶ 2.

**{¶ 13}** Judge Luebbers clearly has general subject-matter jurisdiction over Brown's criminal case and therefore has jurisdiction to consider Brown's motions and to dismiss them if she finds that she lacks jurisdiction to rule on their merits.

**{¶ 14}** What she cannot do is simply fail to rule on motions before her. Sup.R. 40(A)(3) imposes on trial courts a duty to rule on motions within 120 days. *State ex rel. Culgan v. Collier*, 135 Ohio St.3d 436, 2013-Ohio-1762, 988 N.E.2d 564, ¶ 11. Although the Rules of Superintendence do not provide litigants with a right to enforce Sup.R. 40, " 'procedendo and mandamus will lie when a

trial court has refused to render, or unduly delayed rendering, a judgment.' " *Culgan* at ¶ 10, quoting *State ex rel. Reynolds v. Basinger*, 99 Ohio St.3d 303, 2003-Ohio-3631, 791 N.E.2d 459, ¶ 5; *see also State ex rel. Weiss v. Hoover*, 84 Ohio St.3d 530, 532, 705 N.E.2d 1227 (1999).

**{¶ 15}** While the 120-day rule is not rigid, a court with general subject-matter jurisdiction over a matter must eventually rule on motions or risk having a writ of procedendo granted. *Culgan* at ¶ 12. Because Judge Luebbers has not ruled on the motions before her in a case over which she has general jurisdiction, Brown's action for a writ of procedendo has merit.

**{¶ 16}** We therefore grant a writ of procedendo to compel Judge Luebbers to rule on Brown's motions.

Judgment reversed

and writ granted.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

————————————————

Barron Brown, pro se.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Philip R. Cummings, Assistant Prosecuting Attorney, for appellee.

————————————————