THE STATE EX REL. WILLIAMS, APPELLANT, *v.* HUNTER, JUDGE, APPELLEE.

[Cite as *State ex rel. Williams v. Hunter,* 138 Ohio St.3d 511, 2014-Ohio-1022.]

*Procedendo—Sentencing entries alleged not to be final, appealable orders— Failure to raise issue of finality in previous appeals precludes relief in procedendo—Judgment denying writ affirmed.*

(No. 2013-1269—Submitted January 7, 2014—Decided March 20, 2014.)

APPEAL from the Court of Appeals for Summit County, No. 26882.

———————————

**Per Curiam.**

{¶ 1} We affirm the judgment of the court of appeals dismissing appellant Cameron D. Williams's petition for a writ of procedendo to compel appellee, Judge Judy Hunter of the Summit County Court of Common Pleas, to resentence him and issue a final, appealable sentencing order in Williams's criminal case.

{¶ 2} Williams made or could have made these same claims in previous appeals, and they are therefore res judicata.

**Facts**

{¶ 3} A jury convicted Williams in March 2008 of a number of offenses, including two counts of aggravated murder with capital specifications. Judge Hunter merged the aggravated-murder convictions and another conviction for murder. For these and other counts, the total sentence imposed was life imprisonment with parole eligibility after 69 years. The Ninth District Court of Appeals reversed a conviction for violating a protection order but otherwise affirmed. *State v. Williams*, 9th Dist. Summit No. 24169, 2009-Ohio-3162. While that appeal was pending, Judge Hunter denied a petition for postconviction relief.

**{¶ 4}** Williams then filed a number of motions, including one for a new trial and one to dismiss an aggravated-burglary count, both of which were denied. He did not appeal the order denying the motion for a new trial, and his appeal of the order denying the motion to dismiss was dismissed when he failed to file a brief. He also filed a motion for resentencing, arguing that he had been improperly sentenced on allied offenses of similar import. That motion was denied. The court of appeals affirmed the denial on the basis that the motion was in fact an impermissible successive postconviction petition. *State v. Williams*, 9th Dist. Summit No. 25879, 2011-Ohio-6141.

**{¶ 5}** In August and December 2011, Williams filed additional motions for resentencing and for a final, appealable order, which were denied as barred by res judicata and by the prohibition against successive petitions for postconviction relief. The court of appeals affirmed. *State v. Williams*, 9th Dist. Summit No. 26353, 2012-Ohio-4140.

**{¶ 6}** Next, Williams filed the action that is now before this court: a petition in the court of appeals for a writ of procedendo to order Judge Hunter to conduct a new sentencing hearing and issue a final, appealable order. He argued that the entry of March 21, 2008, which set forth the jury's sentencing recommendations on the capital counts after the mitigation phase of the trial, was not final because it did not dispose of all counts. He also argued that the entry of March 25, 2008, which set forth the verdicts and sentence, was not final because it failed to include the findings of the mitigation phase of the trial.

**{¶ 7}** Judge Hunter moved to dismiss on the basis of res judicata and mootness. The court of appeals granted the motion to dismiss, and this appeal followed.

### Legal Analysis

**{¶ 8}** To be entitled to a writ of procedendo, Williams must show a clear legal right to require the court to proceed, a clear legal duty on the part of the

court to proceed, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Brown v. Luebbers,* 137 Ohio St.3d 542, 2013-Ohio-5062, 1 N.E.3d 395, ¶ 10. A writ of procedendo is proper when a court has refused to enter judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Crandall, Pheils & Wisniewski v. DeCessna*, 73 Ohio St.3d 180, 184, 652 N.E.2d 742 (1995). Here, Williams claims that Judge Hunter has failed to move forward with a new sentencing hearing and to issue "a final appealable order that Williams can appeal."

{¶ 9} Williams cannot prevail because he has raised these finality issues before and had an adequate remedy by way of appeal in previous cases. He could have, but did not, raise the issue in his direct appeal. He raised the finality issue again in his 2011 motions for resentencing and for a final, appealable order. In short, Williams is not entitled to a writ because he has not demonstrated any of the three prerequisites: a clear right to the requested relief, a clear duty on Judge Hunter's part to provide it, and the lack of an adequate remedy at law.

{¶ 10} We affirm.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Cameron D. Williams, pro se.

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Richard S. Kasay, Assistant Prosecuting Attorney, for appellee.

_____