[Cite as *Stevens v. Fleegle*, 2017-Ohio-794.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| TREY A. STEVENS | JUDGES:<br>Hon. Patricia A. Delaney, P.J.<br>Hon. William B. Hoffman, J.<br>Hon. Earle E. Wise, Jr., J. |
| Petitioner | |
| -vs- | |
| | Case No. CT2016-0039 |
| HONORABLE JUDGE MARK C. FLEEGLE | |
| | O P I N I O N |
| Respondent | |

CHARACTER OF PROCEEDING:     Procedendo

JUDGMENT:     Writ Issued

DATE OF JUDGMENT ENTRY:     March 3, 2017

APPEARANCES:

For Petitioner

TREY A. STEVENS, PRO SE
#A676-075
Noble Correctional Institution
15708 McConnelsville Road
Caldwell, Ohio 43724

For Respondent

D. MICHAEL HADDOX
Prosecuting Attorney
Muskingum County, Ohio

By: GERALD V. ANDERSON II
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth St., P.O. Box 189
Zanesville, Ohio 43702-0189

*Hoffman, J.*

**{¶1}**   Petitioner, Trey A. Stevens, has filed a Complaint for Writ of Procedendo requesting Respondent be ordered to rule on a motion to vacate post release control pending in the trial court.  Respondent has in turn filed a motion to dismiss arguing he is justified in not ruling on the motion.

**{¶2}**   "To be entitled to a writ of procedendo, [a petitioner] must show a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas,* 72 Ohio St.3d 461, 462, 650 N.E.2d 899 (1995). A writ of procedendo is proper when a court has refused to enter judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Crandall, Pheils & Wisniewski v. DeCessna,* 73 Ohio St.3d 180, 184, 652 N.E.2d 742 (1995)."  *State ex rel. Brown v. Luebbers*, 137 Ohio St.3d 542, 2013-Ohio-5062, 1 N.E.3d 395, ¶ 10 (2013).

**{¶3}**   "Sup.R. 40(A)(3) imposes on trial courts a duty to rule on motions within 120 days. *State ex rel. Culgan v. Collier,* 135 Ohio St.3d 436, 2013-Ohio-1762, 988 N.E.2d 564, ¶ 11. Although the Rules of Superintendence do not provide litigants with a right to enforce Sup.R. 40, " 'procedendo and mandamus will lie when a trial court has refused to render, or unduly delayed rendering, a judgment.' " *Culgan* at ¶ 10, quoting *State ex rel. Reynolds v. Basinger,* 99 Ohio St.3d 303, 2003-Ohio-3631, 791 N.E.2d 459, ¶ 5; *see also State ex rel. Weiss v. Hoover,* 84 Ohio St.3d 530, 532, 705 N.E.2d 1227 (1999)."  *State ex rel. Brown v. Luebbers*, 137 Ohio St.3d 542, 2013-Ohio-5062, 1 N.E.3d 395, ¶ 14 (2013).

{¶4} The motion in this case has been pending since July 13, 2015, well over the 120 time frame imposed by Sup.R. 40(A)(3). Respondent argues it would be improper to rule because he is waiting on guidance from a factually similar case currently pending in the Supreme Court, *State v. Grimes,* Case No. 2016-0215. He believes the Supreme Court's acceptance of the *Grimes* appeal operates as a "de facto stay." He further notes one half of the judges on this Court will disagree with his ruling because this Court has split on the issue presented in Petitioner's motion. Respondent offers no authority for these propositions.

{¶5} Once the trial court rules, either party may elect to appeal that judgment to this Court. And once this Court rules, either party may elect to pursue appeal of our judgment to the Ohio Supreme Court. While *Grimes* likely will resolve this issue, we find Petitioner may well be prejudiced by the delay.

{¶6} We find the ruling on the July 13, 2015 motion has been unduly delayed, therefore, we grant the writ of procedendo. Respondent shall forthwith enter a ruling on Petitioner's July 13, 2015 motion.

By: Hoffman, J.

Delaney, P.J. and

Wise, Earle, J. concur