[Cite as *State ex rel. Stewart v. Krueger*, 2017-Ohio-8048.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, ex rel., | : | JUDGES: |
| CHRISTOPHER STEWART | : | Hon. William B. Hoffman, P.J. |
| | : | Hon. John W. Wise, J. |
| Relator | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| JUDGE EVERETT H. KRUEGER | : | Case No. 17-CAD-07-0049 |
| | : | |
| Respondent | : | O P I N I O N |

CHARACTER OF PROCEEDING:                Writ of Procedendo

JUDGMENT:                Granted

DATE OF JUDGMENT:                September 29, 2017

APPEARANCES:

For Relator                                        For Respondent

CHRISTOPHER T. STEWART, Pro Se          MARK S. SLEEPER
Madison Correctional Institution              Assistant Prosecuting Attorney
#A721496                                        140 North Sandusky Street
P. O. Box 740                                    Delaware, OH  43015
London, OH  43140

*Wise, Earle, J.*

{¶ 1}    Petitioner, Christopher T. Stewart, has filed a petition for writ of procedendo requesting this Court order Respondent to comply with our order of remand May 16, 2017 in Delaware Case Number 17 CAA 01 0004.  Respondent has filed a "reply" to the petition arguing there is "nothing to be remanded to the trial court at this time" because a notice of appeal was filed by the State in the Supreme Court.  The State filed a motion for stay of this Court's May 16, 2017 judgment entry in the Supreme Court of Ohio.  The Supreme Court denied the request for stay on September 15, 2017.

{¶ 2}    To be entitled to a writ of procedendo, Williams must show a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Brown v. Luebbers,* 137 Ohio St.3d 542, 2013-Ohio-5062, 1 N.E.3d 395, ¶ 10. A writ of procedendo is proper when a court has refused to enter judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Crandall, Pheils & Wisniewski v. DeCessna,* 73 Ohio St.3d 180, 184, 652 N.E.2d 742 (1995).

{¶ 3}    "A trial court, however, lacks jurisdiction to execute a judgment . . . if there is a stay of the judgment pending appeal. *In re Kessler* (1993), 90 Ohio App.3d 231, 236, 628 N.E.2d 153, 156; see, also, *Oatey v. Oatey* (1992), 83 Ohio App.3d 251, 257, 614 N.E.2d 1054, 1058, where the court of appeals held that "[t]he mere filing of a notice of appeal from the order * * * *does not divest the * * * court of jurisdiction to enforce an* interlocutory or final *order pending appeal unless the party is granted a stay of execution of the order.*" (Emphasis added.) See *Dandino v. Finkbeiner* (Oct. 27, 1995), Lucas App.

No. 95-030, unreported, 1995 WL 628222." *State ex rel. State Fire Marshal v. Curl*, 87 Ohio St.3d 568, 2000-Ohio-248, 722 N.E.2d 73 (2000).

{¶ 4}  In this case, our order requiring Respondent to grant Relator's motion to vacate judicial sanction was issued over four months ago.  While the notice of appeal was filed in the Supreme Court, the request for stay was denied.  Because there is no stay, Respondent has jurisdiction to comply with this Court's order upon remand.  We find Respondent has unnecessarily delayed proceeding to judgment.  We also find Relator is entitled to have Respondent to proceed to judgment pursuant to our opinion of May 16, 2017.  Finally, we find Relator has no adequate remedy at law because he will be serving a judicial sanction sentence which was found to be erroneously imposed.

{¶ 5}  The writ of procedendo is issued.  Respondent shall proceed in accordance with the judgment entry of May 16, 2017.

By: Wise, Earle, J.

Hoffman, P.J. and

Wise, John, J. concur.


EEW/sg 921