**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Quinn v. Rastatter*, Slip Opinion No. 2026-Ohio-1208.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2026-OHIO-1208

THE STATE EX REL. QUINN *v.* RASTATTER, JUDGE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Quinn v. Rastatter*, Slip Opinion No. 2026-Ohio-1208.]**

*Mandamus—Writ sought to compel rulings on motions pending before trial court—Request for writ granted to extent relator asks that trial-court judge be ordered to rule on motion for leave to file motion for new trial—Request for writ denied to extent relator asks that trial-court judge be ordered to rule on contemporaneously filed motion for new trial, because the two motions must be ruled on sequentially—Because trial-court judge denied the petition for postconviction relief after relator filed this mandamus action, that part of writ request is denied as moot—Writ granted in part and denied in part.*

(No. 2025-0965—Submitted February 10, 2026—Decided April 7, 2026.)

IN MANDAMUS.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER,

DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} Relator, James Quinn, was convicted of multiple crimes in the Clark County Court of Common Pleas in 2014. Respondent, Judge Douglas Rastatter of the Clark County Court of Common Pleas, presided over Quinn's criminal case. In April 2024, Quinn filed in his criminal case a petition for postconviction relief and a "motion for leave to file motion for new trial instanter and motion for new trial instanter." In July 2025, Judge Rastatter had not yet ruled on the petition or motions, and so Quinn filed this original action in mandamus seeking a writ ordering Judge Rastatter to rule on the filings.

{¶ 2} Judge Rastatter has now denied Quinn's petition for postconviction relief, so we deny as moot the writ as to the petition for postconviction relief. But Quinn's motion for leave to file a motion for a new trial and motion for a new trial remain pending. We issue a writ of mandamus directing Judge Rastatter to rule on Quinn's motion for leave to file a motion for a new trial. We deny the writ as to the motion for a new trial.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 3} In 2014, Quinn was convicted of multiple crimes and sentenced to 20 years in prison. *See State v. Quinn*, Clark C.P. No. 2013-CR-869. On April 1, 2024, Quinn filed in his criminal case a petition for postconviction relief, *see* R.C. 2953.21 and 2953.23, and a motion for leave to file a motion for a new trial, which included a motion for a new trial, *see* Crim.R. 33. The motion for leave to file a motion for a new trial and the motion for a new trial were not filed as separate documents—rather, they were filed as a single "motion for leave to file motion for new trial instanter and motion for new trial instanter." The postconviction-relief petition and the motions allege that the State suppressed and modified exculpatory evidence related to Quinn's criminal case.

{¶ 4} As of July 24, 2025, the State had not yet responded to Quinn's postconviction-relief petition or his motions and Judge Rastatter had not yet ruled on them. On that day, Quinn filed this action for a writ of mandamus. He seeks a writ ordering Judge Rastatter to rule on the April 1, 2024 filings. Judge Rastatter answered and stated that on August 7, 2025, he ordered the State to respond to Quinn's filings by September 5. He stated his intention to rule on the filings once the State had responded. We granted an alternative writ, setting the schedule for the filing of evidence and briefs. 2025-Ohio-4537.

{¶ 5} After we granted an alternative writ, the State filed responses to the petition and motions in the trial court. In December, Judge Rastatter denied Quinn's petition for postconviction relief. But Quinn's motion for leave to file a motion for a new trial and motion for a new trial remain pending.

## II. ANALYSIS

{¶ 6} As an initial matter, we note that Quinn's request is akin to a request for a writ of procedendo—an order directing Judge Rastatter to rule on the pending filings. "Although mandamus will lie in cases of a court's undue delay in entering judgment, procedendo is more appropriate, since '[a]n inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy.'" *State ex rel. Dehler v. Sutula*, 1995-Ohio-268, ¶ 7, quoting *State ex rel. Levin v. Sheffield Lake*, 1994-Ohio-385, ¶ 22. But mandamus will also lie in cases of a court's undue delay in entering judgment. *See id.*; *State ex rel. Culgan v. Collier*, 2013-Ohio-1762, ¶ 10.

### A. Quinn's petition for postconviction relief

{¶ 7} Quinn requested a writ ordering Judge Rastatter to rule on his petition for postconviction relief. However, Judge Rastatter has now denied that petition. Quinn filed a motion for judicial notice alerting us to the denial.

{¶ 8} "An action in procedendo becomes moot when the court performs the duty requested." *State ex rel. Roberts v. Hatheway*, 2021-Ohio-4097, ¶ 5.

Similarly, "a 'writ of mandamus will not issue to compel an act already performed.'" *Id.* at ¶ 6, quoting *State ex rel. Jerninghan v. Cuyahoga Cty. Court of Common Pleas*, 1996-Ohio-117, ¶ 3. Because Judge Rastatter denied Quinn's petition for postconviction relief after Quinn filed his mandamus action, we deny that part of Quinn's request as moot. In addition, we grant Quinn's motion for judicial notice. *See State ex rel. Ames v. Summit Cty. Court of Common Pleas*, 2020-Ohio-354, ¶ 6 (court may take judicial notice of trial-court entries when determining mootness).[1]

### B. Quinn's motion for leave to file a motion for a new trial and motion for a new trial

{¶ 9} Quinn also seeks a writ ordering Judge Rastatter to rule on Quinn's Crim.R. 33 motion for leave to file a motion for a new trial and included motion for a new trial. Quinn filed the motions on April 1, 2024, and Judge Rastatter has not yet ruled on them.

{¶ 10} To be entitled to a writ of mandamus, a relator must establish a clear legal right to the requested relief, a clear legal duty on the part of the respondent to provide that relief, and the lack of an adequate remedy in the ordinary course of the law. *Culgan*, 2013-Ohio-1762, at ¶ 7. The elements for procedendo are analogous. *See id.*; *State ex rel. Brown v. Luebbers*, 2013-Ohio-5062, ¶ 10. Here, Quinn lacks an adequate remedy in the ordinary course of the law because he cannot compel Judge Rastatter to timely rule on his motions, and Judge Rastatter does not argue otherwise.

---

1. Quinn's motion for judicial notice appears to ask that we also issue a writ of mandamus ordering the trial court to rule on several other motions that Quinn filed in 2025. Quinn's mandamus petition sought a writ of mandamus regarding only his April 1, 2024 filings. To the extent Quinn is asking for a writ ordering the trial court to rule on any other filings, we deny these requests. *See* S.Ct.Prac.R. 12.02(B)(3) (In an original action, "[a]ll relief sought . . . shall be set forth in the complaint"); *State ex rel. Gilreath v. Cuyahoga Job & Family Servs.*, 2024-Ohio-103, ¶ 31.

{¶ 11} Although Quinn and Judge Rastatter do not distinguish between Quinn's motion for leave to file a motion for a new trial and the included motion for a new trial, under the Criminal Rules, these motions must be ruled on sequentially. *See* Crim.R. 33(B). Because Quinn was found guilty over 120 days ago, Quinn must first file a motion for leave to file a motion for a new trial based on newly discovered evidence. *See id.*; *see also State v. Hatton*, 2022-Ohio-3991, ¶ 28-30. If Judge Rastatter finds by clear and convincing proof that Quinn was unavoidably prevented from discovering the evidence on which his request relies and so grants the motion for leave, Quinn must then file a motion for a new trial within seven days of the court's ruling on his motion for leave. *See Hatton* at ¶ 28. Thus, at this time, Judge Rastatter can consider only Quinn's motion for leave to file a motion for a new trial. We therefore deny Quinn's request for a writ as to his motion for a new trial. But, as discussed below, we grant the writ as to his motion for leave to file a motion for a new trial.

{¶ 12} "'[M]andamus will lie when a trial court has refused to render, or unduly delayed rendering, a judgment.'" *Culgan* at ¶ 10, quoting *State ex rel. Reynolds v. Basinger*, 2003-Ohio-3631, ¶ 5. Quinn filed his motion for leave two years ago. Sup.R. 40(A)(3) provides that motions shall generally be ruled on within 120 days from the date of filing. Sup.R. 40 "does not give rise to an enforceable right in mandamus or procedendo," *Culgan* at ¶ 8, but "the rule does guide this court in determining whether a trial court has unduly delayed ruling on a motion for purposes of ruling on a request for an extraordinary writ," *id.* at ¶ 11. We have relied on this 120-day guideline when granting a writ of procedendo ordering a lower court to rule on a defendant's postconviction motions. *See Luebbers* at ¶ 14-16.

{¶ 13} A court is generally not required to issue findings of fact and conclusions of law when denying a Crim.R. 33 motion for a new trial. *State ex rel. Collins v. Pokorny*, 1999-Ohio-343, ¶ 6. But just as a court must rule on a petition

for postconviction relief even if the ruling will be a denial without findings of fact or conclusions of law, *see State ex rel. Bunting v. Haas*, 2004-Ohio-2055, ¶ 9-11, so too must a court eventually rule on a Crim.R. 33 motion for leave to file a motion for a new trial. As we have stated, "a court with general subject-matter jurisdiction over a matter must eventually rule on motions or risk having a writ of procedendo granted." *Luebbers*, 2013-Ohio-5062, at ¶ 15. Judge Rastatter undisputedly has general subject-matter jurisdiction over Quinn's criminal case, and he must eventually rule on the motion for leave.

**{¶ 14}** Judge Rastatter argues that he has not unreasonably delayed in deciding Quinn's motion. He states that Quinn has submitted multiple filings raising complex factual assertions and procedural arguments and that "[n]othing in Ohio law requires a judge to issue immediate rulings or elevate a single litigant's filings over the rest of the court's docket." He states that he has taken appropriate steps to resolve the motion, including ordering the State to respond. There is no strict rule governing how quickly a court must rule on a motion before a writ of procedendo or mandamus is justified, *see Luebbers* at ¶ 15, but the Rules of Superintendence provide general guidance that motions should be ruled on within 120 days, Sup.R. 40(A)(3). Here, Quinn's filing that includes his motion for leave and motion for a new trial totals six pages (excluding exhibits) and has been pending for two years. Based on the totality of the circumstances, we conclude that Judge Rastatter has unduly delayed in ruling on Quinn's motion for leave. We grant a writ of mandamus directing Judge Rastatter to rule on Quinn's motion for leave to file a motion for a new trial.

**{¶ 15}** Judge Rastatter also argues that Quinn seeks a writ ordering him not just to *rule* on the motion but also to *grant* the motion. We do not view Quinn's request as attempting to control the judge's discretion. But, to avoid confusion, we order only that Judge Rastatter rule on the motion for leave; we do not direct him *how* to rule on that motion.

### III. CONCLUSION

{¶ 16} Quinn filed his motion for leave to file a motion for a new trial in April 2024, and Judge Rastatter has not yet ruled on it. We grant a writ of mandamus ordering Judge Rastatter to rule on the motion. However, we deny Quinn's requested writ ordering Judge Rastatter to rule on the motion for a new trial that accompanied Quinn's motion for leave. And because Judge Rastatter has now ruled on Quinn's petition for postconviction relief, we deny as moot the requested writ of mandamus as to that petition. We also grant Quinn's motion for judicial notice.

Writ granted in part

and denied in part.

————————————

The Behal Law Group, L.L.C., and John M. Gonzales, for relator.

Daniel P. Driscoll, Clark County Prosecuting Attorney, and Louis A. Zambelli III, Assistant Prosecuting Attorney, for respondent.

————————————