[Cite as *State ex rel. Annayan v. Gall*, 2026-Ohio-2330.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE EX REL.<br>DAVID ANNAYAN, | : | |
| | : | |
| Relator, | | No. 116305 |
| | : | |
| v. | | |
| | : | |
| THE HONORABLE STEVEN E. GALL<br>CUYAHOGA COUNTY COURT OF<br>COMMON PLEAS JUDGE | : | |
| | : | |
| Respondent. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** COMPLAINT DISMISSED
**DATED:** June 15, 2026

Writ of Procedendo
Motion No. 595210
Order No. 595915

*Appearances:*

David Annayan, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Craig A. McClelland, Assistant Prosecuting Attorney, *for respondent.*

EMANUELLA D. GROVES, P.J.:

{¶ 1} Relator David Annayan, pro se, seeks a writ of procedendo compelling respondent Judge Steven Gall "to rule on whether Defendant Erik King must

provide non-privileged factual responses concerning the execution, notarization, and transmission of the March 18, 2025 Verification Page, as requested in Plaintiff's Third Set of Discovery" in two consolidated cases, *David Annayan v. Garrick Foxhall, et al.*, Cuyahoga C.P. No. CV-23-981847, and *David Annayan v. Erik King, et al.*, Cuyahoga C.P. No. CV-24-104939 (the "underlying cases").

{¶ 2} For the reasons that follow, respondent's motion to dismiss is granted.

## I.      Factual and Procedural Background[1]

{¶ 3} On March 30, 2026, Annayan filed the instant complaint for a writ of procedendo "limited to a single issue": "Defendant Erik King's refusal to provide any substantive responses to Plaintiff's Third Set of Discovery issued March 21, 2026, concerning the execution, notarization, and transmission of a Verification Page dated March 18, 2025."

{¶ 4} At some point, a dispute apparently arose related to King's failure to provide a verification for his answers to interrogatories Annayan had served on King

---

[1] Our discussion of the facts and procedural history in this opinion includes information obtained from review of the publicly available, online dockets in the underlying cases. *See State ex rel. Fischer Asset Mgmt., LLC v. Scott*, 2023-Ohio-3891, ¶ 3, fn. 1 (8th Dist.) (observing, in original action, that "[t]his court is permitted to take judicial notice of court filings that are readily accessible from the internet"); *Patterson v. Cuyahoga Cty. Common Pleas Court*, 2019-Ohio-110, ¶ 2, fn. 1 (8th Dist.) (setting forth procedural history relevant to mandamus action based on review of "publicly available dockets"), citing *Cornelison v. Russo*, 2018-Ohio-3574, ¶ 8, fn. 2 (8th Dist.), citing *State ex rel. Everhart v. McIntosh*, 2007-Ohio-4798, ¶ 8; *see also Manning v. Gallagher*, 2025-Ohio-2781, ¶ 2, fn. 1 (8th Dist.).  Judicial notice may be taken of such matters in writ actions without converting a motion to dismiss into a motion for summary judgment. *Beverly v. Cuyahoga Cty. Mun. Court*, 2025-Ohio-2457, ¶ 16 (8th Dist.), citing *State ex rel. Mobley v. O'Donnell*, 2021-Ohio-715, ¶ 9 (10th Dist.), and *State ex rel. Nelson v. Russo*, 89 Ohio St.3d 227, 228 (2000).

in the underlying actions. On January 15, 2026, the trial court ordered King to provide:

> 1. Verified and signed interrogatory responses . . . expressly referencing and affirming the substance of any previously served answers;
>
> 2. A certificate of service that confirms the date, method, and recipient of service;
>
> 3. Full and complete substantive responses to all discovery requests and a privilege log for any withheld privileged information.

{¶ 5} King thereafter provided Annayan with a verification for King's interrogatory answers, consisting of a sworn affirmation by King that "the foregoing Answers to Interrogatories are true and correct, to the best of my knowledge and belief." The verification indicates that it was executed and notarized on March 18, 2025 (the "March 18, 2025 verification").

{¶ 6} On March 21, 2026, Annayan served a third set of discovery requests on King (consisting of requests for admissions, interrogatories, and requests for production of documents) directed to determining the facts and circumstances surrounding the execution, notarization, and transmission of the March 18, 2025 verification. On March 24, 2026, King served objections to these discovery requests and indicated that he would be filing a motion for a protective order "from this entire set of discovery which violates the Ohio Rules of Civil Procedure."

{¶ 7} Less than a week later, Annayan filed his complaint in this action. Annayan alleges that (1) the "authenticity and validity" of the verification is "a threshold issue affecting the reliability of discovery responses" that "must be

resolved before the validity of [King's] discovery responses can be determined," (2) that respondent has "a clear legal duty to rule on fully presented discovery matters within a reasonable time," and (3) "[f]ailure to rule within the time required to permit discovery to proceed within the Court's schedule," i.e., the trial court's May 1, 2026 discovery cutoff, "constitutes a failure to proceed."

{¶ 8} In support of his complaint, Annayan attached copies of the following documents: (1) the March 18, 2025 verification; (2) King's objections to Annayan's third set discovery requests; (3) a subpoena, dated March 9, 2026, directed to Neely Gevaart (the notary public who notarized King's signature on the March 18, 2025 verification); and (4) the January 15, 2026 journal entry. Later that day, he filed supplement to his complaint, consisting of an affidavit affirming the truth of the facts alleged in the complaint. On March 31, 2026, Annayan filed a "second supplement" to his complaint in which he detailed his failed attempts to subpoena "non-party witness Neely Gevaart in connection with the verification issue identified in the Complaint." Annayan indicated that the purpose of the second supplement was not to "alter the claims or relief requested in the Complaint" but to "provide[] additional factual context regarding the impact of the lack of a ruling" and "to update the record with developments demonstrating that the absence of a ruling is now preventing completion of discovery in real time."

{¶ 9} Shortly after filing his complaint, Annayan submitted an affidavit for disqualification to the Ohio Supreme Court, seeking to remove respondent from presiding over any further proceedings in the underlying actions. The clerk of the

Ohio Supreme Court accepted the affidavit for filing on or about April 20, 2026. Pursuant to R.C. 2701.03(D)(1) (subject to exceptions not applicable here), the filing of the affidavit deprived respondent of authority to preside in the proceedings until the chief justice of the Ohio Supreme Court ruled on the affidavit of disqualification.

{¶ 10} Respondent filed a motion to dismiss Annayan's complaint pursuant to Civ.R. 12(B)(6). Respondent argues that Annayan's complaint fails to state a claim relief, which can be granted in procedendo, on the grounds that (1) Annayan had not sought judicial intervention in the underlying cases to resolve the particular discovery dispute at issue prior to filing his complaint, (2) Annayan could not establish a clear legal right to relief or a clear legal duty on the part of respondent to proceed on an issue that had never been brought before him, (3) Annayan had an adequate remedy at law because he could file a motion to compel or to enforce discovery pursuant to Civ.R. 37, and (4) respondent was, at that time, prevented from issuing any substantive rulings in the underlying cases given the pendency of Annayan's affidavit of disqualification in the Ohio Supreme Court.

{¶ 11} Annayan opposed the motion, arguing that he had "sought trial-court intervention regarding court dependent discovery and enforcement matters prior to filing this procedendo action" but that matters presented to the trial court "remained unresolved within an active discovery schedule" and that his claim was based upon "the practical loss of discovery time resulting from unresolved court-dependent matters as the discovery deadline remained in effect" and "whether discovery dependent upon unresolved court action could be meaningfully sequenced and

completed within the operative schedule then governing the consolidated proceedings while pending court-dependent matters remained unresolved." He asserted that, "[a]ccepted as true for purposes of a Civ.R. 12(B)(6) analysis," his allegations of "unresolved motions and court-dependent discovery matters existing within a case governed by a fixed May 1, 2026 discovery deadline" state a claim in procedendo "sufficient to withstand dismissal under Civ.R. 12(B)(6)."

## II. Law and Analysis

### A. Standard of Review on a Motion to Dismiss

{¶ 12} Dismissal of an action seeking a writ of procedendo for failure to state a claim upon which relief can be granted is appropriate if, after presuming all factual allegations in the complaint as true and drawing all reasonable inferences in the relator's favor, it appears beyond doubt that the relator is not entitled to the relief requested. *State ex rel. Gordon v. Summit Cty. Court of Common Pleas*, 2025-Ohio-2927, ¶ 8; *State ex rel. S.Y.C. v. Floyd*, 2024-Ohio-1387, ¶ 12. "While we must accept factual assertions as true, 'unsupported legal conclusions, even when cast as factual assertions, are not presumed true for purposes of a motion to dismiss.'" *State ex rel. Gordon* at ¶ 8, quoting *State ex rel. Martre v. Reed*, 2020-Ohio-4777, ¶ 12; *see also State ex rel. Sands v. Court of Common Pleas Judge*, 2018-Ohio-4245, ¶ 8 ("'[U]nsupported conclusions of a complaint . . . are not sufficient to withstand a motion to dismiss.'"), quoting *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490 (1994).

## B. Relator's Complaint for a Writ of Procedendo

{¶ 13} "'A writ of procedendo is an extraordinary remedy in the form of an order from a higher tribunal directing a lower tribunal to proceed to judgment.'" *State ex rel. Bechtel v. Cornachio*, 2021-Ohio-1121, ¶ 7, quoting *State ex rel. Mignella v. Indus. Comm.*, 2019-Ohio-463, ¶ 7. For this court to issue a writ of procedendo, Annayan must demonstrate that he possesses a clear legal right to require the respondent to proceed, that respondent has a clear legal duty to proceed, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Dodson v. Phipps*, 2024-Ohio-4928, ¶ 13; *State ex rel. Bechtel* at ¶ 7. "'A writ of procedendo is proper when a court has refused to enter judgment or has unnecessarily delayed proceeding to judgment.'" *State ex rel. Dodson* at ¶ 13, quoting *State ex rel. Culgan v. Collier*, 2013-Ohio-1762, ¶ 7. However, a procedendo will not issue to control what the judgment should be, i.e., procedendo will not lie to control the exercise of judicial discretion. It merely instructs the lower court to issue a ruling. *State ex rel. Bechtel* at ¶ 7.

{¶ 14} Even presuming the truth of all material factual allegations in Annayan's complaint and making all reasonable inferences in his favor, it appears beyond doubt that Annayan is not entitled to a writ of procedendo. Annayan cannot establish that he has a clear legal right to require respondent to proceed; that respondent refused to proceed, unduly delayed ruling on any motion at issue, or otherwise failed to perform a clear legal duty owed to respondent to proceed; or that Annayan lacks an adequate remedy at law.

**{¶ 15}** In his complaint, Annayan alleges that "[r]espondent has a clear legal duty to rule on fully presented discovery matters within a reasonable time," that "[f]ailure to rule within the time required to permit discovery to proceed within the Court's schedule constitutes a failure to proceed," and that "[t]he absence of a ruling prevents creation of a factual record necessary to complete discovery," causing "immediate and irreversible" harm. However, Annayan does not identify any specific motion or motions as to which he contends respondent has unreasonably delayed in rendering a ruling in his complaint.

**{¶ 16}** In his opposition to respondent's motion to dismiss, Annayan contends that he is entitled to a writ of procedendo because

> [b]efore this original action was filed, and before the later affidavit-of-disqualification restriction became operative, Relator had filed multiple motions, notices, and court-dependent requests identifying unresolved discovery, subpoena, verification, deposition-completion, and deadline-related issues. Those matters were not merely ordinary discovery disagreements between parties. They required court action because the May 1, 2026 discovery deadline was approaching and discovery could not be completed without rulings, as reflected in contemporaneous filings concerning outstanding discovery, anticipated enforcement, and discovery-dependent scheduling issues.

In particular, Annayan points to (1) a verified motion to compel completion of deposition testimony of defendant Erik King he filed on January 5, 2026 (along with "additional notices" filed on January 28, 2026, and February 5, 2026 "identifying that verified motion as pending and unresolved"); (2) a "motion seeking compliance dates or limited modification of the discovery deadline due to unresolved discovery matters affecting completion of discovery within the existing schedule" he filed on

March 9, 2026; (3) "a motion to compel compliance with subpoena, for sanctions, and for date-certain relief concerning Defendant Darryl Foxhall following subpoena noncompliance and nonappearance for deposition" he filed on March 31, 2026; and (4) "materials concerning non-party subpoena compliance involving Neely Gevaart" he filed "[d]uring the same period."

{¶ 17} However, none of these motions involves the subject of Annayan's complaint. As stated above, the "single issue" as to which Annayan requested relief in his complaint was with respect to "Defendant Erik King's refusal to provide any substantive responses to Plaintiff's Third Set of Discovery issued [on] March 21, 2026." *See* Complaint at ¶ 5, 12 ("This action is limited to a single, discrete discovery issue and does not seek relief as to any other pending discovery matter."). Annayan is limited to the relief requested in his complaint. *See, e.g., State ex rel. Gilreath v. Cuyahoga Job & Family Servs.*, 2024-Ohio-103, ¶ 31 (denying mandamus relief that relator argued for in merit brief but had not sought in his writ petition); *Clough v. Lawson,* 2012-Ohio-5831, ¶ 12 (11th Dist.) (where relator did not request in her writ complaint that trial court be ordered to rule on a particular motion, "[w]e cannot grant relief to relator that she has not properly requested from this court"), citing *State ex rel. Gibbs v. Concord Twp. Trustees*, 2003-Ohio-1586, ¶ 36-37 (11th Dist.) (court could not grant relief that was not requested in mandamus complaint). Further, the January 5, 2026 and March 9, 2026 motions were filed before Annayan even served his third set of discovery requests on King on March 21, 2026. The March 31, 2026 motion was filed after he filed his complaint.

{¶ 18} Although it is not the duty of this court to scour the docket of the underlying cases to determine whether any motions are pending relating to the "single issue" that is the subject of Annayan's procedendo claim, it appears that Annayan has filed two motions related to King's objections to Annayan's third set of discovery requests in the underlying cases. The first motion — Annayan's pro se "motion to strike defendant Erik King's objections, deem requests admitted, and for sanctions (Civ.R. 26, 33, 34, 36, 37)" — was efiled on March 25, 2026. The second motion — Annayan's pro se "motion to compel defendant Erik King's compliance or, in the alternative, to deem requests admitted or preclude reliance on verification (limited to verification discovery issue)" — was efiled on Sunday, March 29, 2026, at 11:01 p.m., after he efiled his complaint.[2]

{¶ 19} Procedendo is not appropriate under the facts here. An inordinate amount of time has not elapsed to warrant procedendo to compel a ruling. First, respondent did not even have an opportunity to rule on Annayan's second motion before Annayan filed his complaint. Procedendo is not appropriate when there is no outstanding motion before a judge. *State v. Farmer*, 2023-Ohio-2684, ¶ 10-13 (5th Dist.).

---

[2] Annayan's complaint was efiled on March 29, 2026, at 7:27 p.m. However, it was deemed to have been filed on the following day, March 30, 2026. *See* Loc.App.R. 13.1(B) ("Any document filed electronically shall be considered as filed with the court when the transmission to the court's authorized electronic filing system is complete. . . . Any document filed on a Saturday, Sunday, or legal holiday shall be deemed to have been filed at 8:30 a.m., on the next court business day.").

{¶ 20} Second, courts have inherent power to manage their own dockets. A writ of procedendo will not lie to control or interfere with ordinary court procedures or processes. *Chokel v. Celebrezze*, 2000 Ohio App. LEXIS 6227, *6-8 (8th Dist. Dec. 19, 2000); *State ex rel. Katsigianis v. Dellick*, 2026-Ohio-913, ¶ 15 (7th Dist.). Annayan's first motion was filed less than a week before Annayan filed his complaint. At that time, the parties had already filed numerous discovery motions and had agreed to participate in a settlement conference on April 9, 2026. "There is no strict rule governing how quickly a court must rule on a motion before a writ of procedendo . . . is justified." *State ex rel. Quinn v. Rastatter*, 2026-Ohio-1208, ¶ 14. "The time it takes to decide any given matter will necessarily depend on the issue at hand." *State ex rel. S.Y.C. v. Floyd*, 2021-Ohio-3467, ¶ 10 (8th Dist.). Sup.R. 40(A)(3) provides that "[a]ll motions shall be ruled upon within one hundred twenty days from the date the motion was filed, except as otherwise noted on the report forms." Sup.R. 40(A)(3) "'does not give rise to an enforceable right in . . . procedendo,'" but it does "'guide this court in determining whether a trial court has unduly delayed ruling on a motion for purposes of ruling on a request for an extraordinary writ.'" *State ex rel. Quinn* at ¶ 12, 14, quoting *State ex rel. Culgan*, 2013-Ohio-1762, at ¶ 8, 11. Factors such as the complexity of the case, the need for further discovery, the possibility of settlement, and other motions pending in the case may also impact the determination of whether a trial court has unduly delayed in ruling on a motion. *State ex rel. Culgan* at ¶ 12. Courts are also mindful of the risks of usurping a judge's discretion in resolving a case and encouraging

gamesmanship in litigation, which could result by granting a writ of procedendo. *State ex rel. Henderson v. Sweeney*, 2015-Ohio-2412, ¶ 10 (8th Dist.).

{¶ 21} Annayan has not alleged any facts — or pointed to any relevant legal authority — that would support a finding that respondent had unduly delayed in failing to rule on Annayan's ordinary discovery motions at the time he filed his complaint.[3] *Compare State ex rel. S.Y.C.*, 2021-Ohio-3467, at ¶ 10 (8th Dist.) ("We have consistently held that 'complaints in procedendo are premature when the time period to rule on motions has not exceeded 120 days as set forth by Sup.R. 40(A).'"), quoting *State ex rel. Goodwin v. Gaul,* 2007-Ohio-4294, ¶ 5 (8th Dist.); *State ex rel. Riley v. McClelland,* 2019-Ohio-4358, ¶ 4 (8th Dist.) ("A complaint in procedendo to compel a ruling on a motion, which has been pending less than 60 days, is premature."); *State ex rel. Stacey v. Owens*, 2026-Ohio-905, ¶ 28-29 (5th Dist.) (relator could not state a claim for a writ of procedendo where, although motion had not been addressed, "the court was well within the 120-day time frame to do so"); *State ex rel. Bey v. McGookey*, 2026-Ohio-1685, ¶ 8-11 (5th Dist.) (petition for writ of procedendo dismissed, sua sponte, on grounds that there was "no set of facts on which this court could conclude that the trial court has unduly delayed ruling on relator's motions" where motions had not been pending more than 120 days or were recently supplemented).

---

[3] Specifically, Annayan has not cited any legal authority in support of his claim that allegations of "unresolved motions and court-dependent discovery matters existing within a case governed by a fixed . . . discovery deadline" state a claim in procedendo "sufficient to withstand dismissal under Civ.R. 12(B)(6)."

{¶ 22} Further, shortly after Annayan filed his complaint, he filed an affidavit of disqualification with the Ohio Supreme Court, precluding respondent from ruling on Annayan's motions while the affidavit was pending. *See State ex rel. Katsigianis* at ¶ 18 ("A litigant who contributes to delays in the trial court cannot then invoke those delays as grounds for a writ of procedendo."), citing *State ex rel. Cromwell v. Dellick*, 2017-Ohio-8032, ¶ 9 (7th Dist.) (dismissing procedendo petition where, among other things, relators' own actions contributed to the trial court's scheduling difficulties).

{¶ 23} Annayan likewise cannot establish that he lacks an adequate remedy at law. To the extent delays in ruling on his discovery motions impact his ability to timely complete discovery, Annayan could file a motion to extend the discovery deadline and/or to continue the trial date. In the event Annayan is precluded from obtaining discovery to which he believes he is entitled and is prejudiced thereby, he could raise that issue on appeal after final judgment. *State ex rel. Daggett v. Gessaman*, 34 Ohio St.2d 55, 57-58 (1973) ("In discovery practices, the trial court has a discretionary power not a ministerial duty. . . . Relator is not without remedy by appeal where the trial court's refusal to allow discovery is improvident and prejudicially affects the substantial rights of the parties."); *see also State ex rel. Huntington Natl. Bank v. Kontos*, 2015-Ohio-5190, ¶ 14 ("'An appeal is an adequate remedy in the ordinary course of law that precludes an action for . . . procedendo.'"), quoting *State ex rel. Ward v. Reed*, 2014-Ohio-4512, ¶ 12; *State ex rel. Katsigianis*

at ¶ 19 ("Procedendo is not a substitute for appeal or a vehicle to bypass ordinary appellate review.").

{¶ 24} Accordingly, Annayan's complaint fails to state a claim for relief that can be granted in procedendo and is properly dismissed.

{¶ 25} In addition, Annayan's complaint is procedurally deficient. It does not comply with Civ.R. 10(A), which requires a relator to list the parties' addresses in the case caption.

{¶ 26} We, therefore, grant respondent's motion to dismiss. Costs assessed against relator. The clerk is directed to serve on all parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

{¶ 27} Complaint dismissed.

_____
EMANUELLA D. GROVES, PRESIDING JUDGE

MARY J. BOYLE, J., and
EILEEN A. GALLAGHER, J., CONCUR